JOHN SOORHOLTZ v. MARSHALL COUNTY FARMERS' MUTUAL FIRE INSURANCE COMPANY, Appellant.

**Policy Construed: DECISION OF DIRECTORS.** Where the constitution of a mutual insurance company prohibits payment until the officers are satisfied that the fire was accidental, and, when not so satisfied, provides that the liability of the company shall be finally decided by a majority of its members, a decision of the directors, refusing payment on the ground that *the policy had been canceled,* is not binding on the insured, where he never agreed to abide the decision, though the directors met at his instance.

**Proof of Loss: WAIVER.** Where an insurance company denies liability because of no existing insurance, proofs of loss are not essential to recover.

*Appeal from Marshall District Court.*—HON. OBED CASWELL, Judge.

TUESDAY, OCTOBER 24, 1899.

ACTION on certificate of insurance issued by a mutual insurance company. Decree for plaintiff, and the defendant appeals.—*Modified and affirmed.*

*E. F. Binford* and *J. L. Carney* for appellant.

*Struble & Stiger* and *Daly & Bradford* for appellee.

LADD, J.—The certificate of insurance sued on was in force when the property covered by it was destroyed, July 11, 1895, unless previously canceled by request of the plaintiff.    He held three certificates, and undoubtedly one of these was surrendered with the remittance of an assessment, April 21, 1892.    That only one was then canceled appears from the president's letter; the entry on the secretary's book across the account of that certificate, "Canceled by sale, April 22, 1892"; the making and payment of an assessment on the entire amount of the three certificates in 1893; and the undisputed evidence of plaintiff and his son that the other two certificates were never surrendered, and no request ever made for their cancellation.    A mere surmise that there must have been a mistake in the date does not meet this evidence.    The mistake probably occurred because of the treasurer keeping the account of the three certificates together, and inadvertently writing on it "Canceled," without designating the particular certificate.    In any event, as the company never attempted to forfeit that on which this action is based, and the plaintiff never surrendered it nor asked for its cancellation, it was in full force when the property insured was consumed by fire.

II.    Notice of the loss was promptly given, and the secretary viewed the premises the following day, but refused to take steps for its adjustment, as was his duty, under the by-laws of the company.    This was on the sole ground that the certificate had been canceled, of which he sought to convince the plaintiff by exhibiting the books of the company.    On August 17, 1895, the board of directors met, and refused payment.    It will be observed that this was within sixty days of the time of the fire.    No proofs of loss were served, nor were any essential to recovery.    The law ought never to exact vain things, and, after denial

of liability because of no existing insurance, it would have been the merest formality to present proofs of loss. *Bloom v. Insurance Co.,* 94 Iowa, 363; *Boyd v. Insurance Co.,* 70 Iowa, 325; *Stephenson v. Association,* 108 Iowa, 637. As the denial of liability and refusal to pay the loss because of the cancellation of the policy were expressly averred in the second amendment to the petition, the demurrer was rightly overruled, and the ruling permitting another amendment after submission was without prejudice.

III. The decision of the directors, though they met at the instance of plaintiff, was not binding on him. Articles 14 and 15 of the constitution of the company prohibit payment until the officers are satisfied that the fire was accidental, and, when not so satisfied, provide that the liability of the company shall be finally decided by a majority of its members. This was not a meeting of the members, but of the directors. No question was made but that the fire was accidental, the only controversy considered related to whether the certificate had been canceled, and the plaintiff never agreed to bide the decision of the directors. An appropriate order was entered for the assessment of the members of the company in accordance with the provisions of its constitution. Included was a judgment for the amount of the loss. This should be eliminated, and the decrees, with this modification, affirmed, with costs taxed to appellant.—MODIFIED AND AFFIRMED.