## THIRD NATIONAL BANK OF COLUMBUS *v.* AMERICAN BONDING CO.

BECK, J. 1. Where a fidelity company enters into a bond to indemnify a bank against loss which it may incur through the dishonesty or fraud of an employee, for a designated term, and the bond contains a stipulation that "no suit or proceeding at law or in equity shall be brought after 365 days shall have passed from the date upon which the surety's responsibility for the further acts of the employee ceased," a suit based upon a claim for default of the employee can not be maintained by the obligee, if brought more than 365 days after the expiration of the term covered by the bond; and the fact that a default is not discovered by the obligee or its officers until the lapse of more than a year from the expiration of the term of the bond and its continuance will not have the effect of extending the time within which suit may be brought. *John Church Co.* v. *Ætna Indemnity Co.,* 13 *Ga. App.* 826 (80 S. E. 1093); *Brown* v. *Savannah Mutual Insurance Co.,* 24 *Ga.* 97; *Melson* v. *Phenix Insurance Co.,* 97 *Ga.* 722 (25 S. E. 189); *Mass. Benefit Life Asso.* v. *Robinson,* 104 *Ga.* 256 (30 S. E. 918, 42 L. R. A. 261). See also *Third National Bank* v. *Fidelity & Deposit Co.,* ante, 123.

2. Applying the foregoing ruling to the facts of this case, the court below did not err in sustaining the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

APRIL 15, 1916.

Action upon bond. Before Judge Gilbert. Muscogee superior court. March 27, 1914.

The Third National Bank of Columbus, Georgia, in its petition filed on January 7, 1915, against the American Bonding Company of Baltimore, alleged that through dishonest appropriation by its named cashier it had sustained losses aggregating the sum

of $4,371.46 during the years 1906, 1907, and 1908, as per itemized statement attached to the petition, while the cashier was in the bank's employment in the discharge of his duties; and sought a recovery of said sum from the defendant, upon a certain fidelity bond executed by the cashier as principal and the defendant as surety, which bond, omitting the formal parts, reads as follows:

"The condition of this obligation is: That the Employee shall, in the position of Cashier, or such other position as he may be subsequently assigned to in the Employer's service, make good to the Employer, within thirty days, any loss sustained by the Employer by larceny or embezzlement committed by the Employee during a term commencing on the first day of September, 1905, at 12 o'clock noon, and ending upon the first day of September, 1906, at 12 o'clock noon. This bond is made, issued, and accepted or renewed upon the following conditions:

"1. This bond shall not lapse at the end of the above time, if it shall be continued in force by a renewal receipt or receipts executed by the surety, but shall continue in force for the term or terms of such renewal. The liability of the surety, however, shall not be cumulative.

"2. That all the representations made by the Employer, his or its officers, to the surety are warranted by the Employer to be true; that the Employee has not, to the knowledge of the Employer, his or its officers, been in arrears or a defaulter in the position covered by this bond or in any other position; and that the Employer, his or its officers, upon becoming aware of the Employee gambling, speculating, or committing any disreputable, lewd, or unlawful act, will immediately notify the surety in writing, and that the Employer shall observe or cause to be observed all due and customary supervision over said Employee for the prevention of default, and that there shall be a careful inspection of the accounts and books of the said Employee at least once in every twelve months from the date of this bond, and that no act giving rise to a claim hereunder shall be condoned without the written assent of the surety.

"3. That the surety's liability hereunder shall cease immediately, as to subsequent acts of the Employee, from and after: (a) Discovery by the Employer, his or its officers, of any default hereunder on the part of the Employee. (b) The Employee leaving

for any reason the service of the Employer. (*c*) Ten days from the time that notice is given to the Employer by the surety of its desire to withdraw as surety hereunder, which notice shall be delivered in person or mailed by registered letter to the Employer at his, its, or their principal place of business.

"4. That the Employer shall immediately give the surety notice by telegraph, at the surety's expense, and in writing by registered letter addressed to the surety at its office in the City of Baltimore, Maryland, of the discovery of any default or loss hereunder, and shall file with the surety the claim of the Employer hereunder, with full particulars thereof, as soon as practicable.

"5. That the Employer's claim for default hereunder must be presented to the surety within six months from the date the responsibility of the surety for the Employee's further acts ceased from any cause, and no suit or proceeding at law or in equity shall be brought after 365 days shall have passed from the date upon which the surety's responsibility for the further acts of the Employee ceased.

"6. That should the Employee become guilty of any offense covered by this bond, the Employer will instanter, on being requested by the surety to do so, lay information before a proper officer covering the facts, and verify the same as required by law, and furnish the surety every aid and assistance (not pecuniary) capable of being rendered by the Employer, his or its agents and servants, which will aid in bringing the Employee promptly to justice.

"7. That the payment of any loss sustained hereunder shall operate as a discharge of the surety.

"8. It is essential to the validity of this bond that it be signed by the Employee, and that the actual payment to the surety of the premium, or of any renewal, shall be a condition precedent to any recovery on this bond for any default during the term of this bond, or any renewal of the same as the case may be."

Evidenced by renewal receipts, the bond was continued from time to time until the first day of September, 1911. The petitioner alleged that it had observed and performed all of the terms and conditions stipulated to be observed and performed by petitioner, but that defendant had broken its contract in that, although petitioner had given notice to the defendant by telegraph

and by registered letter of the said shortage and defalcation immediately upon discovering the same, and filed its claim, with full particulars, as soon thereafter as practicable, defendant refused to pay said claim or any part thereof. By amendment filed in March, 1915, it was alleged that the dishonest acts of the cashier were not discovered until the 13th day of May, 1914, and that on or about said date petitioner filed its claim with the defendant. It was also alleged that the principal in the bond was insolvent, and for that reason he was not joined as a defendant to the suit.

The defendant filed a general demurrer, which was sustained, and the plaintiff excepted.

*Frank U. Garrard* and *A. S. Bradley,* for plaintiff.

*A. W. Cozart,* for defendant.