### 21535. MASSACHUSETTS BONDING AND INSURANCE CO. v. RASKIN *et al.*

DECIDED JULY 15, 1931.

*Anderson, Cann & Cann,* for plaintiff in error.
*Abrahams, Bouhan, Atkinson & Lawrence,* contra.

LUKE, J.  The only question raised by the record in this case is whether the trial judge erred in overruling the demurrer to the petition as amended.

The original petition is substantially as follows: "The petition of Isaac Raskin, Robert Raskin, and Aleck Raskin, . . co-partners doing business under the name and style of 'National Shoe Company,' . . . shows as follows, to wit: . . . That Massachusetts Bonding and Insurance Company . . is a bonding and insurance company of Boston, Massachusetts, having an office, agent, and place of business in said county and State.  2. That on the 24th day of December, 1929, in consideration of a premium paid to it by petitioners, the said defendant entered into a contract of indemnity to protect petitioners as employer against any loss sustained by them in a sum not to exceed $1,000 by reason of the loss of money or other personal property belonging to the employer, by any acts of fraud, dishonesty, forgery, theft, larceny, embezzlement, wrongful extraction, or wilful misapplication on the part of its employee, one Morris H. Rosenthal, directly or through connivance, while in his position as manager or other position in the service of the employer to the first of December, 1930.  3.  That within the term of said coverage, your petitioners have sustained a loss in the shortage of monies from sales of personal property and of merchandise entrusted by them to the said Morris H. Rosenthal; the shortage, amounting to the sum of $618.78, being the difference between the value of merchandise entrusted to said Rosenthal as manager of its shoe store and the amounts redelivered to plaintiffs upon demand, including accounts receivable, as set forth in Exhibit 'A,' hereto attached. . . 4.  That said loss occurred within the terms and duration of the policy, and petitioners duly notified defendant of said loss within the terms of said policy; that said defendant has failed and refused to pay said sum, although request was made therefor.—Whereupon, petitioners pray . . judgment against said defendant in said sum, with interest from September 16, 1930, at 7% per annum. . ."  Exhibit "A" will not be set out here, since its contents fully appear from the second amendment, which appears later.

The demurrer to the petition is substantially as follows:  1. Said contract of indemnity is not "attached to or made a part of said petition."  2.  The allegation in paragraph 3, "to the effect

that plaintiffs have sustained a loss within the terms of said coverage, is a mere conclusion of the pleader. . . 3. It is not shown in paragraph 3 of the petition, or elsewhere in the petition, what acts of fraud, dishonesty, forgery, theft, larceny, embezzlement, wrongful misapplication or wilful misapplication were committed by the employee, Morris H. Rosenthal. 4. Said petition does not state facts sufficient to constitute a cause of action.

To meet the demurrer, the plaintiffs amended their petition as follows: "1. They attach hereto as Exhibit 'B' a copy of the contract of indemnity referred to in said petition. 2. Plaintiffs allege that they entrusted to the said Morris Rosenthal as manager, on December 1, 1929, merchandise of the value of $10,-192.20, cost price, and during the interim between that date and December 16, 1930, additional goods of the value of $22,500.54, making a total of $32,692.74; that during the interim said Rosenthal was in the employment of the plaintiffs he was allowed credits by allowances and cash sales and returns amounting to $25,653.02, and, upon delivering up the balance of the merchandise then on hand, received a further credit of $6,420.94, leaving a shortage and difference of $618.78; that this difference arose by reason of the failure of the said Rosenthal to return to petitioners monies, goods, and merchandise sold or withdrawn by him from the stock while it was in his possession, custody, and control; and the said Rosenthal, while not admitting the exact amount for which plaintiffs claim payment, had admitted his liability for said shortage."

The part of the contract material to this investigation follows: "Amount $1,000.                                    Premium $10.

"We, Morris Harold Rosenthal as principal, hereinafter called the 'employee,' and the Massachusetts Bonding and Insurance Company . . as surety, bind ourselves to pay National Shoe Company, hereinafter called the 'employer,' such pecuniary loss not exceeding one thousand and 00/100 dollars as the employer shall have sustained of money or other personal property belonging to the employer, or for which the employer is responsible, by any act or acts of fraud, dishonesty, forgery, theft, larceny, embezzlement, wrongful abstraction or wilful misapplication on the part of the employee, directly or through connivance, while in the position of manager, or in any other position, in the service of the employer, during the period commencing at twelve on the 1st day

of December, 1929, and ending with the termination of this suretyship."

The defendant having renewed its demurrer to the petition as amended, the court passed the following order: "All of the original demurrers and this renewal thereof are, in view of the amendment to the petition, overruled."

The contract under consideration covers only such losses to the employer as arise "by any act or acts of fraud, dishonesty, forgery, theft, larceny, embezzlement, wrongful abstraction or wilful misapplication on the part of the employee." The offenses mentioned involve moral turpitude. Dishonesty certainly carries with it the idea of a wilful wrong, and, in our opinion, the same is true of "wrongful abstraction" and "wilful misapplication." In short, any act or conduct which makes the company liable under the contract connotes wilful wrong, and not merely an innocent mistake, or negligence. It is true, under the allegations of the petition as amended, that the employer entrusted the goods to the employee; that the latter was short in his accounting in the sum of $618.78; that the employee admitted liability; and that such shortage "arose by reason of the failure of the said Rosenthal to return to petitioners monies, goods, and merchandise sold or withdrawn by him from the stock while it was in his possession, custody, or control."

As we view the petition, the pleader studiously avoids averring any wilful, wrongful conduct or act on the part of the employee. In our opinion, the alternative allegation contained in the clause last above quoted from the amendment to the petition is insufficient to make out a case. Therefore we hold that the trial judge erred in overruling the demurrer to the petition as amended.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*