The Underwriters' Agency vs. Sutherlin.

---

THE UNDERWRITERS' AGENCY, plaintiff in error, *vs.* WILLIAM T. SUTHERLIN, defendant in error.

1. A stipulation in a policy of insurance that no action for loss or damage shall be sustained unless commenced within twelve months after such loss

The Underwriters' Agency vs. Sutherlin.

or damage occurs, is valid. The time is reasonable, and the assured, having assented to the stipulation by accepting the policy, is bound by it.

2. It is not in the power of local agents, or of adjusting agents of the company, without express authority from the managing officers, to waive such stipulation, after the loss or damage occurs. Their functions relate to taking risks, delivering policies, adjusting and paying losses and damages, not to enlarging the time for suit beyond the term fixed by contract. However active these subordinate agents may be, or however willing to continue their services down to the last moment, or even after the time for suit has expired, unless they have perpetrated some fraud on the assured by which he is induced to delay the bringing of suit until after the contract bar has attached, he cannot allege their conduct as an excuse for his omission to sue.

3. In a marine risk when navigation is partly by fresh water and partly by salt water and involves transhipment, proof of damage by water of any kind is, *prima facie*, proof of damage by the perils of navigation, even if the wetting is caused by rains, and whether the rains fell on board, or on the usual transhipping wharf whilst the goods were upon the same in the ordinary course of transit.

4. Reception of the goods by the consignee from the carrier and payment of the freight and charges without complaint of damage, does not discharge the carrier or the insurer, and is no evidence that the damage did not occur in the course of the navigation.

5. Damage from water in consequence of improper stowage, unless such improper stowage was occasioned, or acquiesced in, by the insured or his agent, is damage from the perils of navigation.

6. The insured, after selecting a proper carrier, does not warrant the diligence of the carrier, or that of any other person (save his own agents) through whom the consignment passes in the course of navigation.

Insurance. Statute of limitations. Principal and agent. Carriers. Perils of navigation. Before Judge WRIGHT. Dougherty Superior Court. April Term, 1875.

This is the third time this case has been before this court. See 46 *Georgia Reports*, 652.

On March 6th, 1868, Sutherlin brought assumpsit against the Underwriters' Agency on a policy of insurance, for damages alleged to have been sustained by him on twenty bales of cotton shipped from Albany, Georgia, to the city of New York, *via* Apalachicola, Florida. This risk was entered on an open policy issued by Y. G. Rust, defendant's agent, on January 20th, 1866. It was claimed by the plaintiff that he was entitled to recover $728 25, with interest from May, 1866,

that being the amount of damage to his cotton by becoming wet on the ends of the bales.    The defendant pleaded as follows :

1st.  The failure of the plaintiff to bring suit within twelve months from the time of the alleged loss as required by the condition of the policy.

2d.  The general issue.

3d.  That the damage, if any, was sustained from fresh water, to which it was exposed by the carelessness of plaintiff's agent, whilst the risk undertaken by the policy covered only the perils of navigation between point of shipment and final destination.

4th.  That the defendant was discharged by the conduct of the plaintiff's agent at Apalachicola, in receiving the cotton and paying the freight thereon, thus releasing the carrier from his contract.

The evidence disclosed the following facts :    The certificate of insurance handed to the plaintiff was as follows :

" No. 29.    UNDERWRITERS' AGENCY.        $4,000 00.
" Germania, Hanover, Niagara and Republic Fire Insurance
   Companies of the city of New York.

"ALBANY, GA., 20th January, 1866.

" This is to certify that William T. Sutherlin is insured for account of whom it may concern, under and subject to the conditions of policy No. 780, issued by the above named companies, in the sum of $4,000 00, each company bearing one-fourth of the risk taken, upon twenty bales of cotton marked W. T. S., on board cargo of the box No. 18, Saucer, master, at and from Albany, Ga., to Apalachicola, at the rate of 4 per cent., which premium of $160 00 is hereby acknowledged to have been received.  Loss, if any, payable to W. T. Sutherlin or order, at New York, upon the return of this certificate.    Assets, $3,000,0000.

   (Signed)                           "Y. G. RUST, Agent."
" Countersigned A. S. STODDARD,
                    " General Agent, New York."

Upon the back of this certificate was the following indorsement:

" This property is insured under this policy from Apalachicola to New York, by good steamers or sailing vessels, and includes twenty days fire risk at Apalachicola for the discharge of the box."

The policy upon which this certificate was based covered the perils of navigation. One of its conditions was that in case of loss, suit should be brought thereon within twelve months from that date.

When the cotton arrived in New York, about April 20th, 1866, it was ascertained that the ends of the bales had become wet from fresh water, thereby damaging the same to the amount of $728 25. The evidence does not disclose when or where this damage was done. The cotton was consigned to a Mr. Wood at Apalachicola. At this point it was unloaded from the box and placed on the wharf, whence it was shipped on the vessel which transported it to New York. Wood acted as the agent of the plaintiff in paying the freight and receiving the cotton. The plaintiff did not know that the policy of insurance contained a stipulation that suit should be brought within twelve months from the date of the loss, never having seen it. The reason alleged why suit was not sooner commenced was, that Rust, the agent of the defendant, assured the plaintiff that his claim was just, and in his opinion would be paid by the insurance companies after he had explained to them the facts in the case, and before he knew of their refusal the twelve months had expired. Rust was insisting that the claim was a just one and should be paid, whilst his principal in New York was denying liability upon the case made and demanding more proof.

On May 2d, 1867, J. J. Brown, the adjuster of the defendant, wrote to the plaintiff, among other things, as follows :

" We may also remark in this connection, that under the limitation clause contained in all policies, the enforcement of any claim of the date you mention would be impossible ; if

you have a just demand upon us, however, it will, upon the presentation of proper proofs of loss, receive such consideration as it merits."

The jury found for the plaintiff. The defendant moved for a new trial because the verdict was contrary to the law and the evidence, and because the court refused to give in charge to the jury the following requests:

1st. "If you believe from the evidence that the damage to this cotton was from fresh water, and the same was from rains to which it was exposed whilst on the voyage, then the plaintiff is not entitled to recover, for this contract of insurance does not cover such risks."

2d. "If the cotton was received by Mr. Wood, the consignee of plaintiff, at Apalachicola, and he paid to the master of the box the freights and charges, this is strong evidence from which the jury may infer that the cotton was then in a good condition."

This request was charged, substituting "a circumstance" for "strong evidence."

3d. "If you believe from the evidence that the cotton was injured by exposure to rains whilst on the wharf at Apalachicola, then the plaintiff is not entitled to recover."

Charged, with the insertion of the words "and in consignee's control" after "Apalachicola."

4th. "If you believe from the evidence that the consignee of the plaintiff at Apalachicola or New York, received the cotton from the vessel without complaint, and paid freight, etc., and thus discharged the vessel and owners from negligence, this would discharge the defendant, and the plaintiff would not be entitled to recover."

5th. "If you believe from the evidence that the contract of insurance between the parties required, in case of loss, that suit be brought within the space of twelve months from the time of loss, and this was not done, then the plaintiff cannot recover."

Qualified by the court as follows: "I charge you that this is the law, but if you believe from the evidence that the plain-

The Underwriters' Agency *vs.* Sutherlin.

tiff did not sue within twelve months because of propositions of settlement held out by duly authorized agents of the company, or the company itself, then the plaintiff could sue after twelve months."

6th. "If Rust was the agent of both parties, and after loss, made admissions of the correctness of the claim, this is not binding on the defendant unless the proof shows he was its adjusting agent. The fact that he was authorized to take the risk does not give him the power to settle a loss that happened afterwards."

Qualified by the addition of the words "unless authorized so to do:"

7th. "An agreement by the adjusting agent after the year expired, that the claim would be considered if presented with additional proofs, is not binding on the defendant so far as to prevent it from pleading that this suit was not brought within time."

Qualified by the addition, "unless said agent was authorized so to do."

8th. "The plaintiff, as the owner of this cotton, by the contract of insurance, warranted the good conduct and faithfulness of the carriers and all other persons through whose hands the cotton passed, and if the jury believe from the evidence that the loss in this case was occasioned by the bad conduct or carelessness of any of these parties, and not from the perils of navigation, this company is not liable."

The motion was overruled, and the defendant excepted.

VASON & DAVIS, for plaintiff in error.

STROZER & SMITH, for defendant.

BLECKLEY, Judge.

Cotton was insured through its entire voyage from Albany, Georgia, to New York city. On arriving at its destination it was found to be damaged by wetting with fresh water at one end of the bales. Application was at once made to the Un-

derwriters' Agency to settle the damage. Payment was refused. The local agent continued to urge upon the company that the claim was a proper one, and an adjusting agent held correspondence with the insured, by letter, from the home office, after the twelve months for suit fixed by the contract had expired. Suit was not brought until nearly two years had elapsed after the first demand upon the company. The regular course of the navigation required transhipment at Apalachicola, and a temporary landing there on the wharf for that purpose.

The law of the case is stated in the head-notes, and the judgment is reversed.

Judgment reversed.