METROPOLITAN LIFE INSURANCE CO. *v.* CAUDLE.

1. A stipulation in a policy of insurance that " no suit shall be brought against the company after one year from the date of the death of the insured " is valid.   The time is reasonable ; and the insured having assented to the stipulation by accepting the policy, his administratrix will be bound by it.

2. Before the insurance company will be estopped from pleading the contractual limitation in bar to a suit on the policy, it must appear that the conduct of the company prevented the bringing of the suit within the stipulated time.   Where it appears that the company denied liability eight months before the expiration of the year in which the action was to be brought, and did nothing after its denial of liability to deter the plaintiff from instituting suit, a failure to sue within the contract time is a bar to a recovery.

Submitted March 8, — Decided March 25, 1905.

Action on insurance policy.　Before Judge Eve.　City court of Richmond county.　October 19, 1904.

*C. Henry Cohen*, for plaintiff in error.
*Austin Branch* and *George T. Jackson*, contra.

EVANS, J.　The Metropolitan Life Insurance Company issued a policy on the life of William A. Caudle.　The insured died on the 6th day of March, 1902.　Delaney A. Caudle, his administratrix, brought suit to recover the amount alleged to be due upon the policy of insurance.　This suit was instituted in the city court of Richmond county, and was filed on July 13, 1903.　A copy of the policy of insurance was attached to the petition, and in the copy the following stipulation appeared:　"No suit shall be brought against the company after one year from the date of the death of the insured.　If any suit be commenced after one year, the lapse of time shall be conclusive evidence against any claim, the provisions of any and all statutes of limitation to the contrary notwithstanding."　The defendant demurred to the declaration, on the ground that the suit was not brought within the time limited by the contract.　To meet this demurrer the plaintiff amended, alleging that immediately after the death of the insured she delivered the policy to the defendant's agent and entered into negotiations looking to a settlement of her claim; that, by conversations had with the agent from time to time, her hopes were raised and she was flattered into believing that the amount of the policy would be paid, if she would remain quiescent, and the representations of the company's agent induced her to postpone bringing suit; that these negotiations were not finally concluded till July 21, 1902, when they were broken off, and the policy returned to her by the company upon the demand of her attorney. A special demurrer to this amendment was filed by the defendant, but was dismissed by the court on the ground that it was filed too late.　After the allowance of the amendment, the court overruled the general demurrer to the petition; and to the disposition thus made of the company's demurrers it excepts.

A party may contract that the time for bringing an action shall be limited, and if such time is reasonable, he will be bound by his contract.　*Brooks* v. *Ga. Home Ins. Co.*, 99 *Ga.* 116; *Melson* v. *Insurance Co.*, 97 *Ga.* 722, and cit.　"A stipulation in a policy of insurance, that no action for loss or damage shall be sustained

unless commenced within twelve months after such loss or damage occurs, is valid. The time is reasonable, and the assured, having assented to the stipulation by accepting the policy, is bound by it." *Underwriters' Agency* v. *Sutherlin*, 55 *Ga.* 266. The defendant in error contends that the facts alleged in the amendment take the case out of the rule announced in the case last cited; and he relies upon the case of *Hartford Fire Ins. Co.* v. *Amos*, 98 *Ga.* 533. In that case the plaintiff gave as a reason why the suit was not sooner instituted that the defendant had promised to adjust and pay the loss when certain garnishment cases should be disposed of, and that the plaintiff relied upon this promise, which was calculated to throw her off her guard and lull her into a sense of security by inducing her to believe that the company had waived the stipulation in the policy that suit should be commenced within twelve months next after the fire. The record in that case is not clear, but from the report of it we gather that this court treated the plaintiff's amendment to her petition as alleging that the period of limitation fixed by the policy had expired before the garnishment cases were disposed of, and it was not till they were disposed of that the company repudiated its promise to pay the loss. The case is distinguishable from the case at bar in two particulars: (1) The limitation period had altogether expired before the insurance company refused to comply with its promise to pay; and (2) the delay in bringing the action was caused by an agreement made by the insurance company, and not merely by its local agent. "It is not in the power of local agents, or of adjusting agents of the company, without express authority from the managing officers, to waive such stipulation, after the loss or damage occurs." *Underwriters' Agency* v. *Sutherlin*, supra. The policy sued on in this case gave notice to the insured that the company's agents were not authorized to make, alter, or discharge contracts, nor to waive forfeitures. The plaintiff does not charge that the managing officers of the defendant company in any way misled her or knew of the representations made by its local agent. The insured by his contract stipulated that no action on the policy should be brought after the expiration of one year from his death. The policy was returned to the plaintiff when the negotiations for a settlement were broken off, and she had possession of it for about eight months before this period of

limitation expired, with a distinct denial from the insurance company of its liability. No excuse is offered why the action was not brought during this time. The court should therefore have enforced the contract of the insured, by sustaining the general demurrer and dismissing the action because the administratrix of the insured had not brought the suit upon the policy within the time limited therein.

*Judgment reversed. All the Justices concur.*