McDANIEL *v.* GERMAN AMERICAN INSURANCE COMPANY.

FISH, C. J. 1. It being stipulated in a policy of fire insurance that no suit should be sustainable thereon "unless commenced within twelve months next after the fire," an action brought after the lapse of that period would be barred, although it purported on its face to be a renewal of a previous action which was instituted in a State court having jurisdiction thereof, within the time limited, which was removed to the circuit court of the United States and there dismissed, and then renewed in the State court, after the payment of all costs, within six months from such dismissal. *Melson* v. *Phenix Ins. Co.*, 97 *Ga.* 722 (25 S. E. 189) ; *Metropolitan Life Ins. Co.* v. *Caudle*, 122 *Ga.* 608 (50 S. E. 337) ; *Webb* v. *Southern Cotton-Oil Co.*, 131 *Ga.* 682 (63 S. E. 135).

2. Where, however, it was alleged in an amendment to the petition in such an action: "That at the time the order of dismissal was taken and just before the same was passed, in the presence of the court, the form

of the order was being discussed, plaintiff desiring the order taken in one form and defendant in another form, plaintiff's right to renew her said suit on said policies of insurance in the State courts was referred to in connection with the order under consideration, when plaintiff through her counsel turned to defendant's attorney and its duly authorized agent and asked in substance this question: 'If the case is dismissed, can there be any trouble in renewing suits on these policies in the State courts?' In answer to this question defendant, through its counsel and duly authorized agent, answered in substance, 'Of course she can renew her suits on the policies—there will be no trouble about that.' , That said representations misled plaintiff and induced her to consent for said order of dismissal to be taken," it will be held, that, under such allegations, the statement of counsel for the defendant amounted to an estoppel of the right of the defendant company to plead the contractual limitation, contained in the policy, that no suit should be sustainable thereon "unless commenced within twelve months next after the fire." The court, therefore, erred in disallowing such amendment, referred to in the record as "Amendment No. 2."

3. It was not error to refuse to allow an amendment to the petition to the effect that the stipulation in the policy that any suit thereon must be commenced within twelve months next after the fire meant "twelve months after plaintiff was entitled to commence" suit.

*Judgment reversed. All the Justices concur.*

FEBRUARY 22, 1910.  REHEARING DENIED MARCH 3, 1910.

Action upon insurance policy.  Before Judge Brand.  Franklin superior court.  October 22, 1908.

*F. A. Quillian,* for plaintiff.

*Smith, Hammond & Smith,* for defendant.