AMERICAN INSURANCE COMPANY *v.* McVICKERS BROTHERS.

HOLDEN, J. An insurance policy provided that no action on it should be sustainable "unless commenced within six months after the date of the fire," and that "no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, and signed by the president, vice-president, treasurer and general manager, or assistant secretary, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." The assured sued on the policy after the expiration of such six months. Amendments to the petition were offered, making, among other allegations, the following:   After plaintiff employed an attorney, the general counsel of the defendant "insisted and persuaded the plaintiff's attorney to defer the matter of filing said suit, that he, the said attorney had taken the matter up with the company, and said also that he had very great hopes of being able to adjust the matter without litigation, and also informed the attorney for plaintiff that he would give him notice in plenty of time to file his suit, and repeatedly declared to the plaintiff's attorney that plaintiff's attorney should not be hurt by the delay; and plaintiff's attorney, relying on these promises of the general counsel of the company, deferred filing suit until counsel for the defendant . . finally told plaintiff to file suit. Plaintiff's counsel could and would have filed the suit at once when the matter was turned over to him, and it was turned over to him before the six months had expired from the date of the fire, but relied on the statement of the general counsel of the company, in the general office in the city of Atlanta, that they were making an effort to adjust the matter, and . . that they were anxious to call the board of directors together and see if they could not settle the matter without litigation. Petitioner alleges that as a matter of fact the general counsel for the defendant in this case had charge of its entire legal business and was directed by the president and secretary to look after the claim of plaintiff, and in looking after it and making these promises he was acting for the company and within the scope of his authority; and his declaration that the company was trying to adjust the matter, and insisting that counsel for the plaintiff defer the filing of the suit until he could see that it was adjusted, was the sole cause of the suit not being filed within the six months prescribed by policy." · *Held,* that, under the

allegations in the amendment offered, the defendant was estopped from setting up the defense that the suit on the policy was not brought within the time prescribed therein, and the court committed no error in allowing the amendments over objections of the defendant that they were insufficient in law, "because they sought to vary a written contract by parol, because they were not in accord with the declaration originally filed and were inconsistent therewith, because they sought to vary a written contract without setting up any sufficient reason therefor," and properly refused to dismiss the petition as amended on the ground that "it appeared on the face of the pleadings that the cause of action was barred." *McDaniel* v. *German Ins. Co.*, 134 *Ga.* 189 (67 S. E. 668) ; *Hartford Fire Ins. Co.* v. *Amos*, 98 *Ga.* 533 (25 S. E. 575) ; 1 Clement on Fire Ins. 399; 28 Cent. Dig. "Insurance," §§ 1551, 1552, 1553; 4 Cooley's Briefs on Ins. 3989 et seq.; 3 Cooley's Briefs on Ins. 2514; 19 Cyc. 908; 2 May on Ins. § 488; 13 Am. & Eng. Enc. Law, 390.        *Judgment affirmed. All the Justices concur.*
SEPTEMBER 22, 1910.

Action upon insurance policy.  Before Judge Pendleton.  Fulton superior court.  January 25, 1909.

Suit was brought on April 15, 1907, on a fire-insurance policy on account of the destruction, by fire on October 10, 1906, of the property on which the insurance was issued.   The policy provided that no action on the policy should be sustainable "unless commenced within six months after the date of the fire, and not afterward."   Upon motion to dismiss the petition because the suit was filed more than six months after the fire occurred, the plaintiff offered amendments making, among other allegations, substantially the following: Soon after the fire, the general counsel for the defendant and the one holding the office of secretary and treasurer of defendant, "both being authorized to make a waiver and both being in charge of the office, made the only excuse for not adjusting and settling the policies, that the board of directors had not met, and asked plaintiff to wait until the board of directors could get together, and plaintiff visited the office and talked to these gentlemen six or seven times, and each time they would put him off until the next week, begging him to wait until the board of directors could meet, . . and plaintiff, being misled by their statements and believing from their statements that they were bona fide making an effort to pay his claims, deferred even turning the case over to an attorney." After plaintiff employed an attorney, the general counsel of the defendant "insisted and persuaded the plaintiff's attorney to defer the matter of filing said suit, that he, the said attorney had taken the matter up with the company, and

said also that he had very great hopes of being able to adjust the matter without litigation, and also informed the attorney for plaintiff that he would give him notice in plenty of time to file his suit, and repeatedly declared to the plaintiff's attorney that plaintiff's attorney should not be hurt by the ·delay; and plaintiff's attorney, relying on these promises of the general counsel of the company, deferred filing suit until counsel for the defendant  .  .   finally told plaintiff to file suit, that he would see that the company furnished him some blanks of the policies, and that he would still see if he could not settle the suit before trial term, and was in hopes that they could adjust the matter.   Plaintiff's counsel could and would have filed the suit at once when the matter was turned over to him, and it was turned over to him before the six months had expired from the date of the fire, but relied on the statement of the· general counsel of the company in the general office in the city of Atlanta, that they were making an effort to adjust the matter, and .  .   that they were anxious to call the board of directors together and see if they could not settle the matter without litigation.   Petitioner alleges that as a matter of fact the general counsel for the defendant in this case had charge of its entire legal business and was directed by the president and secretary to look after the claim of plaintiff, and in looking after it and making these promises he was acting for the company and within the scope of his authority; and his declaration that the company was trying to adjust the matter, and insisting that counsel for the plaintiff defer the filing of the suit until he could see that it was adjusted, was the sole cause of the suit not being filed within the six months prescribed by policy;" and that the general counsel, after suit was filed, "approached the counsel for the plaintiff and stated that he did not then intend to make any objection to the fact that the suit was not filed within the six months, and had no idea that he would make any such point, and filed his plea without making any point of this sort, but finally approached the attorney for plaintiff with an agreement and asked plaintiff's attorney to sign it, that if he decided to file or make this point he would not be precluded by not making it the first term of the court, and plaintiff's attorney signed this agreement, stating to him at the time and believing · and still believing that the time of filing the suit six months had been waived by him, and that a plea of that sort would not avail

him." Defendant is "estopped from claiming that the suit was not filed within the six months from the date of the fire. Petitioner further alleges that there is a stipulation in the policy that suit should not ·be filed within three months from the date of the fire, and that the conditions in the policy that suit should be filed within six months from the date of the fire would only give plaintiff right to sue within three months from the time of right of action accrued, and that this time is so short as to be unreasonable and renders that condition that plaintiff must sue in six months void. . . Said company through its agents above referred to claimed to your petitioners and their attorney all along, up to the 15th day of April, 1907, that they were taking up the matter of loss and seeking to call a board of directors together and would probably settle the claim and at the time referred to in this paragraph, when they finally refused to pay same."

The policy ·contained the following provisions: "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing requirements, nor unless commenced within six months after the date of the fire, and not afterward. . . No officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, and signed by the president, vice-president, treasurer and general manager, or assistant secretary, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." The defendant objected to the allowance of the amendments, "because they were insufficient in law, because they sought to vary a written contract by parol, because they were not in accord with the declaration originally filed and were inconsistent therewith, because they sought to vary a written contract without setting up any sufficient reason therefor." After the amendments were allowed, the defendant "moved to dismiss the declaration as amended, because the same ·as amended· was insufficient in law,

as it appeared on the face of the pleadings that the cause of action was barred." The motion was overruled, and the defendant excepted to this, as well as to the allowance of the amendments.

*Burton Smith* and *Lawton Nalley,* for plaintiff in error.

*J. W. Wise* and *J. F. Golightly,* contra.