## JACKSON v. JACKSON *et al.*

FISH, C. J. On April 24, 1917, a husband and wife, while living in a bona fide state of separation, entered into a written contract whereby certain property was conveyed and certain notes given to the wife as a provision for her support in lieu of alimony. In the contract the husband was referred to as party of the first part and the wife as party of the second part. After describing the property the contract provided: "It is further understood and agreed that upon the filing of any suit for divorce by party of the first part, this agreement shall be submitted to the court, and approved by the court, and shall be entered as a part of the record in said case, and shall have the same force and effect as a judgment and decree for alimony, and that upon the rendition of any final decree for divorce between said parties the provisions of this agreement shall be incorporated in and made a part of such final decree, and the provisions for the payments to be made by the party of the first part may be enforced by party of the second part in any manner that

alimony judgments may be enforced." On October 30, 1917, the wife instituted an action against her husband for total divorce, on the grounds that for three years prior and up to the date of the filing of the suit the husband had been guilty of habitual intoxication and cruel treatment toward the wife, which she had not condoned. The defendant acknowledged service of the petition and process, but filed no answer. Two verdicts were rendered, granting the wife a total divorce. The defendant appeared at the trial during which the second verdict was rendered, personally and by his attorney, and asked for the removal of his disabilities by the jury. The attorney for the wife, while holding the contract in his hand, asked the wife, "if they hadn't settled the alimony and property rights," and the husband did not "intimate anything to the contrary." The attorney representing the husband, in asking for the removal of his disabilities, stated that the question between the parties as to the alimony had been settled, and upon such basis appealed to the jury to remove the husband's disabilities. The jury returned a verdict granting the total divorce between the parties, and removing the disabilities of the husband as well as those of the wife. No express reference was made in the verdict or decree to the subject of alimony, or to the contract in respect thereto. *Held*, that under the pleadings and the evidence in the divorce suit, the verdict and decree were conclusive between the parties upon the question of habitual drunkeness and cruel treatment by the husband uncondoned by the wife. *McLeod* v. *McLeod*, 144 *Ga.* 359 (87 S. E. 286). Under the circumstances the husband would be estopped from subsequently maintaining a suit to cancel the contract making provision for the wife in lieu of alimony, on the ground that the contract had been obtained by fraud, and that intervening the dates of the contract and the commencement of the divorce suit the wife and husband had voluntarily resumed cohabitation as husband and wife, and that the contract had been annuled by such cohabitation. See *McDaniel* v. *German American Ins. Co.*, 134 *Ga.* 189 (67 S. E. 668). The judge did not err in directing a verdict for the defendants.

*Judgment affirmed. All the Justices concur.*

No. 1459. FEBRUARY 13, 1920.

Equitable petition. Before Judge Pendleton. Fulton superior court. March 5, 1919.

*George F. Gober* and *Westmoreland, Anderson & Smith,* for plaintiff.

*W. Carroll Latimer* and *Branch & Howard,* for defendants.