*M. C. Barwick,* contra.

---

11713. GALLIVITOCH *v.* PROVIDENT LIFE & ACCIDENT INSURANCE CO.

A condition in an insurance policy that no recovery shall be had thereon unless suit is brought within " two years from the time within which proof of loss is required by the policy " is valid, and no recovery can be had on a policy containing such a condition when the action is not brought within the time specified in the policy, unless the provison is waived or there is valid excuse for delay.

(*a*) The minority of the beneficiary is no excuse for delay beyond the contractual limitation fixed by the policy.

(*b*) This contractual limitation was not waived, nor was the insurance company estopped from pleading it, by a letter written by the company to the attorney of the beneficiary, soon after the loss, in which it was stated that " within the very near future " a representative of the company would call upon the said attorney with the view of closing the matter, the letter stating further that the company would appreciate any assistance shown this representative in effecting an amicable and fair settlement of the claim.

DECIDED MARCH 8, 1921.

Action on insurance policy; from city court of Savannah — Judge Freeman. May 25, 1920.

Joe Gallivitoch, a minor, by next friend, sued the Provident Life and Accident Insurance Company on an insurance policy, alleging that Frank Gallivitoch, his father, was injured in an accident, and as a result thereof died on March 25, 1915, and that "proof of the death of the said Frank Gallivitoch has been furnished to said company as required by the terms of the said policy." The petition was filed February 23, 1920, and the defendant filed a demurrer, the first and fourth grounds of which were as follows: "1st. That the said petition set forth no cause of action in favor of said plaintiff against this defendant." "4th. The fourth paragraph of said petition fails to allege what injuries said Frank Gallivitoch received and how he was injured." The petition was amended, and the defendant filed a demurrer on the

ground: "that the said petition as amended sets forth no cause of action in favor of said plaintiff against this defendant;" "that said petition as amended shows the said cause of action to be barred under the terms of the policy, which provides that no cause be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy." A second amendment to the petition was offered, which alleged that promptly after the death of the insured the policy was placed in the hands of an attorney for collection, and that on June 11, 1915, the company wrote to the said attorney as follows: " We have received proof in connection with the death of Frank Gallivitoch, accompanied by your letter of the 5th inst. This claim will be given prompt and careful attention, and we will advise you further concerning the same within a few days. You can rest assured that we will not delay matters any longer than is necessary;" that on June 22, 1915, the company wrote to the said attorney as follows: " With further reference to this claim about which the writer called on you in person recently, will say that this matter is now having our attention and has been referred to Dr. W. W. Lee for disposition. Dr. Lee will call upon you within the very near future with the view of closing the matter. We will certainly appreciate any assistance shown the Doctor in effecting an amiable [amicable?] and fair settlement of this claim;" that " upon receiving these letters he expected a settlement of the said policy by the defendant company, and relying upon the promises in said letters and shortly thereafter he enlisted in the service of his country and served with the marines in France during the World War, being absent from Savannah for several years;" that "upon petitioner's return in November, 1919, very much to his astonishment he found that no settlement had been made, and promptly took the matter up with the defendant company, whereupon they promised to pay a portion of the policy but refused to pay the entire amount of the liability when this suit was filed." To the allowance of this amendment objections were filed, two only of which are necessary for consideration here: "1st. That the letters set forth in said proposed amendment were not such letters as would mislead the plaintiff into believing that this claim would be paid, thereby lulling him

into security. 2d. That these letters were written within three months after the death of the insured, and that suit was not filed until nearly five years after the death of the assured and after the writing of said letters." The court sustained these objections; the proposed amendment was disallowed; and grounds 1 and 4 of the original demurrer and grounds 1 and 2 of the demurrer to the petition as amended were sustained, and the petition was dismissed.

*H. P. Cobb,* for plaintiff.

*Anderson, Cann & Cann, McIntire, Walsh & Bernstein,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) The policy sued on contained the following clauses: "Affirmative proof of loss must be furnished to the company at its said office in case of claim for loss of time from disability, within ninety days after the termination of the period for which the company is liable, and in case of claim for any other loss, within ninety days after the date of such loss. No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy." This court and the Supreme Court are absolutely committed to the proposition that a condition such as the above in an insurance policy is reasonable and valid, and that a compliance therewith is necessary to sustain an action on a policy in which is contained such a condition. *Maxwell* v. *Liverpool & London & Globe Ins. Co.,* 12 *Ga. App.* 127 (1), 128 (1) (76 S. E. 1036), and cases cited; *Stanley* v. *Sterling Mutual Life Ins. Co.,* 12 *Ga. App.* 477 (77 S. E. 664), and cases cited. See also *Brooks* v. *Georgia Home Ins. Co.,* 99 *Ga.* 116 (24 S. E. 869); *Met. Life Ins. Co.* v. *Caudle,* 122 *Ga.* 608 (1) (50 S. E. 337); *Gross* v. *Globe & Rutgers Fire Ins. Co.,* 140 *Ga.* 531 (79 S. E. 138); *Third Nat. Bank* v. *American Bonding Co.,* 145 *Ga.* 126 (88 S. E. 585). In *Melson v. Phenix Ins. Co.,* 97 *Ga.* 723 (25 S. E. 189), Mr. Justice Lumpkin said: "Where the parties, by agreement, make a fixed and unqualified limitation for themselves, they abandon all the legal regulations on the subject, and consequently must stand upon their contract

as written." It will be noted that the policy sued on required that proofs of loss be furnished "within ninety days from the date of such loss," and that suit must be brought, if at all, "within two years from the expiration of the time in which proof of loss is required by the policy." The petition in this case shows that the death, and consequently the loss, occurred in March, 1915, and alleges that "proof of the death of the said Frank Gallivitoch has been furnished the said company as required by the terms of said policy," and yet suit was not filed until February, 1920, nearly five years after the loss. However, the plaintiff seeks to avoid the plain and legal provision of the policy as to the two-year limitation by two contentions.

First, it is contended the contractual limitation in the policy was suspended because the beneficiary was a minor. Is this contention good? Is the minor beneficiary bound by the stipulation in the policy as to the two-year limitation? It will be noted that the contract of insurance was made between the father of the beneficiary and the company, and as between them counsel for the plaintiff in error concedes that the contractual limitation is valid. Let us remember that this is not a suit that could not be brought because of minority of the beneficiary. The suit could have been instituted by "next friend" as well within the two year period of contractual limitation as when it was brought, more than four years after the loss. As far as we have been able to ascertain, the exact question under consideration has never been passed upon directly by the appellate courts of this State. The nearest approach thereto is found in *Maxwell* v. *Liverpool Ins. Co.,* 12 *Ga. App.* 127 (76 S. E. 1036). In the opinion in that case Chief Judge Hill said: " It is next contended by counsel for plaintiff in error that a member of the partnership whose property was insured was insane during a period of time immediately following the fire, and that during that period this contractual limitation was suspended as to the partnership. Under the law a partnership is a distinct and separate entity from the members who compose it, and the fact that one partner was temporarily insane or otherwise incapacitated to look after the affairs of the partnership, or to comply with its contracts, would not excuse a failure of the partnership, or of either of the members thereof, to perform the duty of looking after the interests of the partnership. It may be

that the running of the statute of limitations would be suspended during the period of insanity of a member of the firm, but we are clear that any disability on the part of a member of the firm would not suspend the running of a contractual limitation, or fix a period of limitation other than that prescribed by the contract. The limitation in the present case is a condition precedent to the right of action on the policy, and the partnership, having made the contract, is bound thereby regardless of any intervening infirmity of one of its members. It has been held that the minority of a beneficiary in an insurance policy did not exempt him from complying with a stipulation requiring an action on the policy to be brought within one year after the right accrued. Suggs v. Travelers Ins. Co., 71 Tex. 579 (9 S. W. 676, 1 L. R. A. 847); Mead v. Phenix Ins. Co., 68 Kan. 437 (75 Pac. 475, 104 Am. St. R. 412, 64 L. R. A. 79)." While this is not a direct adjudication of the question under consideration, it is quite persuasive. In addition to the Texas and Kansas decisions referred to in the foregoing quotation, there are decisons of other courts that such a stipulation in an insurance policy is binding on an infant plaintiff. In O'Laughlin v. Union Central Life Ins. Co., 11 Fed. 280, the headnotes are as follows: "1. A condition in a life policy that no suit shall be brought upon it unless brought within one year after the assured's death is valid. 2. A suit cannot be maintained upon a policy containing such a condition unless instituted within the time specified. 3. Where suit is not instituted within the time specified, the condition need not be specifically pleaded as a defense. It is sufficient to deny that the conditions of the policy have been complied with. 4. The fact that the beneficiaries named in the policy are minors will not prevent the enforcement of such a condition." See also Fey v. I. O. O. F. Mutual Life Ins. Society, 120 Wis. 358 (98 S. E. 206); Riddlesbarger v. Hartford Ins. Co., 7 Wallace, 386 (19 L. ed. 257). So we must conclude that the contractual limitation was not suspended because of the minority of the beneficiary.

Second: Was the defendant estopped by the letters sent by the company to the attorney of the plaintiff from pleading the limitation fixed by the policy? The plaintiff in error insists that it was, and to support this contention several cases are cited, each of which is easily differentiated from the case sub judice. To

illustrate : In the case of *Hartford Ins. Co.* v. *Amos,* 98 *Ga.* 533 (25 S. E. 575), one of the cases relied upon by the plaintiff in error, the record shows that after the fire insurance company was garnished by creditors of the insured, and the company "promised to adjust and pay the loss when said garnishments could and should be disposed of." The Supreme Court based its ruling on this positive promise. The other Georgia case cited for the plaintiff in error was that of *Stanley* v. *Sterling Mutual Life Ins. Co.,* 12 *Ga. App.* 475 (77 S. E. 664). In the opinion in that case this court said (p. 478) : " According to the testimony of the plaintiff, this officer [the secretary and treasurer of the company] made a direct promise to pay the loss. The plaintiff went to see him several times, but each time the officer said that everything was all right and that the plaintiff would get his insurance. The plaintiff was thus lulled into the belief, by the repeated promises of the company's officer, that he would be paid without suit. " In the case under discussion, if there had been a direct and positive promise to pay the loss, a different case would probably have been presented. There is nothing in the letters in the amendment to the petition which could be construed into an absolute promise to pay. A statement in a letter from the company to the attorney for the plaintiff that a representative of the company would call upon him " within the very near future with a view of closing the matter," and that the company " will appreciate any assistance shown the doctor in effecting an amiable [amicable?] and fair settlement," was not a promise to pay, or such a negotiation for settlement as to lull the plaintiff into the belief that he would be paid without suit, especially as it is not shown that the doctor did call "within the very near future," or that he ever called at all, or that the negotiation for a settlement ever went further than is shown by this letter. This letter might have been a reason for waiting a reasonable time for the doctor to call in an effort to adjust the matter, but was not sufficient to "lull him [the plaintiff] into a false security" and cause him to wait beyond the two year period of limitation embraced in the contract for bringing the suit. It is therefore clear that the ruling of the court upon the pleadings and in dismissing the suit was not error.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*