27597. WHIDDON *v.* NATIONAL UNION FIRE INSURANCE COMPANY.

DECIDED DECEMBER 2, 1939. REHEARING DENIED DECEMBER 18, 1939.

*William A. Thomas,* for plaintiff.

*Smith, Smith & Bloodworth, Estes Doremus,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.) The judgment of the superior court sustaining the demurrer and dismissing the petition in the former suit upon the express ground of multifariousness and misjoinder, pursuant to the direction of the judgment of the Supreme Court affirming the judgment of the superior court generally sustaining the demurrers and dismissing the petition (*Whiddon* v. *Southern Auto Finance Co.,* 186 *Ga.* 726, 198 S. E. 729), operated as a dismissal of the plaintiff's petition in. that case as against all of the defendants. See *Whiddon* v. *Southern Auto Finance Co.,* 188 *Ga.* 340. (3 S. E. 2d, 889). In that case the Supreme Court held that when the present plaintiff, who was the plaintiff in the former suit, attempted to amend the petition in that suit the amendment was properly disallowed because the judgment of dismissal of the petition, although it was predicated upon the ground of multifariousness and misjoinder, operated to sustain the demurrer to the plaintiff's petition in that suit and to dismiss the plaintiff's case in its entirety as to all the defendants therein.

There was no voluntary dismissal by the plaintiff of that suit. The plaintiff therefore could not have been misled by any alleged statement of counsel for the defendant insurance company that the plaintiff could institute a second suit against the defendant without prejudice to any rights which the plaintiff may have had under the policy in having commenced the first suit within the twelve-months' period. The plaintiff's original petition, in so far as the defendant in the present suit was concerned, was on a policy of automobile insurance, the policy on which this suit is brought, and that policy provided that suit thereon shall be commenced within twelve months after the happening of a loss thereunder. The original petition was brought within the twelve-months' limitation provision contained in the policy. When the case was dismissed on demurrer the twelve months had expired, so that when the present suit was instituted it was filed more than twelve months after the loss complained of. The effect of the ruling of the Supreme Court directing that the judgment dismissing the original petition be modified so as to rest upon the ground of multifariousness and misjoinder alone was not to preserve a right of the plaintiff which

the plaintiff possessed by having commenced suit within the twelve-months' period as provided in the policy. The effect of the Supreme Court's judgment was merely to adjudicate that the petition be dismissed, and that the dismissal should be solely upon the ground of multifariousness and misjoinder. The question as to whether the plaintiff's petition set out a cause of action against any of the defendants was thereby left open and not decided or adjudicated. If this original petition of the plaintiff set out a cause of action as against the defendant insurance company by reason of its having been filed within twelve months after the happening of the loss and by reason of other allegations therein, the judgment dismissing it preserved no right in the plaintiff as respected the filing of a second suit on the same cause of action which the plaintiff did not otherwise possess by law or under the provisions of the contract.

It has been held that a provision in an insurance policy substantially in the language of that contained in the present policy, that no suit or action on the policy or for the recovery of any claim under the policy, shall be maintainable in any court unless commenced within twelve months next after the happening of the loss, has reference to a particular action brought upon the claim, and does not have reference to the mere filing of a claim, and that where the particular action is commenced subsequently to a period of twelve months next after the happening of the loss the suit is not maintainable, unless the application of this provision of the policy has been waived by the insurance company or it is estopped to rely on it. *Melson* v. *Phenix Ins. Co.*, 97 *Ga.* 722 (25 S. E. 189); *Hartford Fire Ins. Co.* v. *Amos*, 98 *Ga.* 533 (25 S. E. 575); *McDaniel* v. *German American Ins. Co.*, 134 *Ga.* 189 (67 S. E. 668), and cit.; Riddlesbarger *v.* Hartford Fire Ins. Co., 7 Wall. (U. S.) 386 (19 L. ed. 257); Arthur *v.* Homestead Fire Ins. Co., 78 N. Y. 462 (34 Am. R. 550); Wilson *v.* Ætna Ins. Co., 27 Vt. 99; Rogers *v.* Home Ins. Co., 95 Fed. 109; 33 C. J. 78.

In dismissing the petition of the plaintiff in the present case the judge correctly held that the effect of the judgment on the demurrers to the petition in the original case was to dismiss the petition, and that the plaintiff was barred, because of such limitation in the policy, from instituting the present suit upon the policy, which was commenced and instituted after the expiration of the twelve-

months' period after the happening of the loss. The court did not err in sustaining the demurrers and dismissing the action.

*Judgment affirmed. Sutton and Felton, JJ., concur.*