## 32204. DAVENPORT *v.* GULF LIFE INSURANCE COMPANY.

DECIDED OCTOBER 30, 1948.

*Leonard Pennisi, J. Wightman Bowden,* for plaintiff.
*Tindall & Tindall, J. F. Kemp,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.)   ■   The plaintiff alleged that he was injured and sustained a loss under the policy sued upon, on February 13, 1944. The plaintiff and

defendant contracted and stipulated in this policy that affirmative proof of loss must be furnished to the insurance company within ninety days after the date of the loss; and that no action shall be brought to recover on this policy unless brought within two years from the expiration of the time within which proof of loss is required by the policy. Such provisions in a policy of insurance are valid. *Massachusetts Benefit Life Assn.* v. *Robinson,* 104 *Ga.* 256, 272 (30 S. E. 918, 42 L. R. A. 261), and citations. Conceding, but not deciding, that the preliminary proof of loss was waived as contended by the plaintiff in error, in order for a valid suit to be maintained on the policy here involved, it was essential under the provisions of the policy that the suit be instituted within two years from the ninety-day period after the loss was sustained. And this is true regardless of whether or not the suit is a renewal of a former action which has been nonsuited or dismissed. It was ruled in *Melson* v. *Phenix Ins. Co. of Brooklyn,* 97 *Ga.* 722 (25 S. E. 189): "It being stipulated in a policy of insurance that no action thereon should be sustainable against the insurance company unless commenced within twelve months next after a loss should occur, an action brought after the lapse of that period was barred, although it purported on its face to have been a renewal of a previous action which was instituted within the time limited, and to have been brought within six months after the granting of a nonsuit in the first action." For holdings to the same effect, see *Brooks* v. *Georgia Home Ins. Co.,* 99 *Ga.* 116 (24 S. E. 869); *McDaniel* v. *German American Ins. Co.,* 134 *Ga.* 189(1) (67 S. E. 668); *Whiddon* v. *National Union Fire Ins. Co.,* 61 *Ga. App.* 434(2) (6 S. E. 2d, 362).

■ The present suit was filed more than four years after the alleged loss was sustained by the plaintiff, and, under the provisions of the policy sued on, the action was barred. Therefore, the trial court properly sustained the defendant's demurrer and dismissed the action.

*Judgment affirmed. Felton and Parker, JJ., concur.*