### 39458. AIKEN v. NORTHWESTERN MUTUAL INSURANCE COMPANY.

FRANKUM, Judge. It is well settled that a contractual provision in a policy of insurance that "no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss" is a valid contractual provision and is reasonable. *Melson v.*

*Phenix Ins. Co.*, 97 Ga. 722 (25 SE 189); *Brooks v. Georgia Home Ins. Co.*, 99 Ga. 116 (24 SE 869); *Whiddon v. National Union Fire Ins. Co.*, 61 Ga. App. 434 (6 SE2d 362); *Woodall v. Hartford Fire Ins. Co.*, 33 Ga. App. 694 (128 SE 69); *Gibraltar Fire &c. Ins. Co. v. Lanier*, 64 Ga. App. 269 (13 SE2d 27); *Graham v. Niagara Fire Ins. Co.*, 106 Ga. 840 (32 SE 579); *Underwriters' Agency v. Sutherlin*, 55 Ga. 266; *Maxwell Bros. v. Liverpool &c. Ins. Co.*, 12 Ga. App. 127 (76 SE 1036). And in the absence of facts to show a waiver by or estoppel against the insurer, the provision is binding upon the insured, and the insurer is entitled to rely upon it. *Metropolitan Life Ins. v. Caudle*, 122 Ga. 608 (50 SE 337); *Gallivitoch v. Provident Life &c. Ins. Co.*, 26 Ga. App. 385 (106 SE 319). Cf. *American Ins. Co. v. McVickers Bros.*, 135 Ga. 118 (68 SE 1026), and *Underwriters' Agency v. Sutherlin*, 55 Ga. 266, supra.

In the instant case the plaintiff alleged that he suffered an insured loss on September 28, 1960. The plaintiff's petition was filed on October 23, 1961. The insurance policy was attached as an exhibit to the petition and made a part thereof. The defendant filed a motion for summary judgment upon the ground that the plaintiff's claim was barred by the contractual limitation above quoted, and alleged in the motion that: "The petition, exhibits, and affidavit and exhibits attached to this motion show that there were no settlement negotiations pending which would or should lead the plaintiff into a false sense of security; and there was nothing to deter the plaintiff from filing his suit within the period of limitations provided in the policy." The trial court sustained the motion, and the plaintiff appealed and assigned this ruling as error.

We are of the opinion that the court did not err in sustaining the motion. Evidence in support of the motion shows that the defendant wrote the plaintiff's attorney on November 10, 1960, making an offer of settlement, which stated: "This offer is made without either admitting or denying liability and without waiving any of the policy conditions. We call your attention specifically to the policy requirements as to the assured's duties after a loss occurs." Thereafter, on November 22, 1960, the plaintiff sent to the insurer a sworn proof of loss. On February 14, 1961, counsel for the

defendant wrote and sent to the plaintiff's attorney the following letter: "Following our settlement discussions, I forwarded the copies of the color photos to Northwestern Mutual Insurance Claim Office. I am advised by the local adjuster that the damage shown in the photo is perfectly consistent with the previous findings to the effect that the explosion was not great enough to cause the cracked tile and other items of damage contained in the proof of loss. As you know, there were two repair estimates on the furnace, one being $125 and the other being $219; and in an effort to resolve all doubts in your favor, the company is willing to pay $219 in settlement of all claims. However, in an effort to avoid litigation, the company is willing to make a compromise offer settlement in the sum of $500 provided that it is accepted within 10 days. If the $500 is not accepted within that period, it will be withdrawn; and thereafter the company's offer will be limited to the $219." On August 17, 1961, the attorney for the plaintiff wrote the defendant's counsel making an offer of settlement for $1,000, and on September 21, 1961, plaintiff's counsel again submitted an offer of settlement for $1,000. On September 25, 1961, counsel for the defendant wrote and sent a letter to the plaintiff's counsel in which he referred to his letter of February 14, and stated that the defendant felt that the sum of $219 would be a fair indemnity for the actual damages, but that the defendant would be willing to pay $500, and further stated: " . . . we must respectfully decline your offer to settle for $1,000." An affidavit by the defendant's counsel, which was filed in support of the motion, stated that he had on numerous occasions reiterated the contents of his letter of February 14, to the plaintiff's counsel, but at no time had he "ever told or indicated to the plaintiff's attorney that the defendant would be willing to pay more than the amount set forth" in his letter of February 14, and that the plaintiff's attorney had contacted him by telephone on several occasions and "inquired as to whether the defendant would be willing to pay various sums of not less than $1,000 . . . but at no time did [he] ever state to the plaintiff's attorney that he thought the company would be willing to pay more than the amount" offered in his letter of February 14, and that he "does not recall making any statement which could possibly be construed to 'thereby lull the plain-

tiff into a false sense of security.' " The affiant also stated that the letters attached to the motion were the only correspondence between himself and plaintiff's counsel.

Under the above evidence there is nothing to show that the defendant ever indicated that it would pay the plaintiff any amount in excess of $500 in settlement of the plaintiff's claim under the insurance policy, or that further negotiations for settlement were contemplated. The clear import of the evidence is that the defendant made an offer of settlement which could be accepted or rejected by the plaintiff. The defendant took no action which could be interpreted to mislead plaintiff from instituting suit. See *Metropolitan Life Ins. Co. v. Caudle,* 122 Ga. 608, supra. See also *New York Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922 (115 SE2d 474) ; *Gibraltar Fire &c. Ins. Co. v. Lanier,* 64 Ga. App. 269, supra. Cf. *Underwriters' Agency v. Sutherlin,* 55 Ga. 266, supra, with *American Ins. Co. v. McVickers,* 135 Ga. 118, supra.

It appearing that the suit upon the policy was filed after the expiration of the contractual time limitation for such action, and there being no facts in the record to show a waiver by or estoppel against the defendant, the court did not err in granting the motion for summary judgment.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED JUNE 21, 1962—REHEARING DENIED JUNE 29, 1962.

*G. Seals Aiken, F. L. Breen,* for plaintiff in error.
*Woodruff, Latimer, Savell, Lane & Williams, Edward L. Savell,* contra.