## 40606. WALTON v. AMERICAN MUTUAL FIRE INSURANCE COMPANY OF CHARLESTON, SOUTH CAROLINA.

NICHOLS, Presiding Judge. 1. A policy of insurance which provides, "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss," is not ambiguous because it elsewhere provides that "The amount of loss for which the company may be liable shall be payable sixty days after proof of loss . . ." or because the policy provides that the company shall not be liable under certain provisions of the policy for any loss "Until the actual repair or replacement is completed." See *Maxwell Bros. v. Liverpool &c. Ins. Co.,* 12 Ga. App. 127 (76 SE 1036); *Gibraltar Fire &c. Ins. Co. v. Lanier,* 64 Ga. App. 269 (13 SE2d 27).

2. "It is well settled that a contractual provision in a policy of insurance that 'no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss' is a valid contractual provision and is reasonable. *Melson v. Phenix Ins. Co.*, 97 Ga. 722 (25 SE 189); *Brooks v. Georgia Home Ins. Co.*, 99 Ga. 116 (24 SE 869); *Whiddon v. National Union Fire Ins. Co.*, 61 Ga. App. 434 (6 SE2d 362); *Woodall v. Hartford Fire Ins. Co.*, 33 Ga. App. 694 (128 SE 69); *Gibraltar Fire &c. Ins. Co. v. Lanier*, 64 Ga. App. 269 (13 SE2d 27); *Graham v. Niagara Fire Ins. Co.*, 106 Ga. 840 (32 SE 579); *Underwriters' Agency v. Sutherlin*, 55 Ga. 266; *Maxwell Brothers v. Liverpool &c. Ins. Co.*, 12 Ga. App. 127 (76 SE 1036). And in the absence of facts to show a waiver by or estoppel against the insurer, the provision is binding upon the insured, and the insurer is entitled to rely upon it. *Metropolitan Life Ins. Co. v. Caudle*, 122 Ga. 608 (50 SE 337); *Gallivitoch v. Provident Life &c. Ins. Co.*, 26 Ga. App. 385 (106 SE 319). Cf. *American Ins. Co. v. McVickers Bros.*, 135 Ga. 118 (68 SE 1026), and *Underwriters' Agency v. Sutherlin*, 55 Ga. 266, supra." *Aiken v. Northwestern Mut. Ins. Co.*, 106 Ga. App. 220 (126 SE2d 630).

3. The plaintiff's petition, as finally amended, alleged that the loss occurred in March, 1961 and the action was not filed until July 3, 1963 (more than a year after the loss), and there being no facts alleged to show a waiver by or estoppel against the insurer, of the limitation against suits more than twelve months after the loss the trial court properly sustained the defendant's demurrer relying upon the policy provision shown in an exhibit attached to the plaintiff's petition.

4. The rulings on the remaining grounds of demurrer are nugatory.

*Judgment affirmed.* *Hall and Russell, JJ., concur.*

Decided March 13, 1964.

*Albert A. Roberts,* for plaintiff in error.
*A. Ed Lane, Edward L. Savell,* contra.