47235. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. MIKELL.

DEEN, Judge. ■ One has an insurable interest in property where he has any actual, lawful and substantial eco-

nomic interest in its preservation. *Code Ann.* § 56-2405 (2). A partner has such an interest in firm assets. *Code* §§ 75-206, 75-207. "It is the general rule that an insurable interest in the property of a partnership exists in both the partnership and the partners, and that a partner has an insurable interest in the firm property which will support a policy taken out thereon for his own benefit." 43 AmJur2d 526, Insurance, § 492. "A partner who insures partnership property in his own name without any stipulation or understanding that the insurance is for the benefit of the firm or his co-partner, is presumed to have insured only his own interest in the property." American Central Ins. Co. v. Harrison, (Tex. Civ. App.), 205 SW2d 417, and see Closuit v. Mitby, 238 Minn. 274 (56 NW2d 428).

However, insurance apparently made for an individual may be shown to have been for the benefit of the firm, where the parties deal on that basis, or where the entity entitled to the insurance so authorizes or ratifies the action. See 3 Couch on Insurance 2d, 172, § 24:85; 44 CJS 1228, § 308.

It appears from the evidence on the trial of this case that at the time of the fire loss, the caterpillar tractor in question belonged to a partnership composed of the plaintiff Mikell and another who used it in the business of clearing fire breaks, but the policy was taken out solely in the name of Mikell. Money to finance the purchase had been borrowed from a local bank which also had a lien on the equipment. The plaintiff testified that except for a small amount representing scrap value the machinery was a total loss. Mikell was at all times treated as the person insured and entitled to the proceeds of the policy, whatever the liability of the company was. At one point the company offered to take a sum described by it as full value settlement and take the vehicle for scrap purposes (not merely Mikell's personal interest in it). The premium was paid for with partnership funds, and the partner who testified ratified the plaintiff's actions in

taking out the policy. Mikell was therefore entitled to recover the full value of the loss as found by the jury if within the range of the evidence holding the proceeds for the benefit of the partnership. Estimates of the value before the fire ranged from a repair figure of $3,400 to a total loss figure of $6,000 less scrap value of up to $500. The verdict in the sum of $5,450 was therefore substantially within the range of the evidence.

2. The appellant further contends that since the fire loss occurred on May 29, 1969, and the suit was not filed until October 13, 1970, its motion to dismiss should have been granted on the ground that plaintiff had exceeded the contractual twelve-month limitation. The concomitant rule of course is that appraisal proceedings as provided for in the policy will toll this time. *Yates v. Cotton States Mut. Ins. Co.,* 114 Ga. App. 360 (151 SE2d 523); *Peeples v. Western Fire Ins. Co.,* 96 Ga. App. 39 (99 SE2d 349); *National Union Fire Ins. Co. v. Ozburn,* 57 Ga. App. 90 (194 SE 756). Also, a waiver may result where the company leads the insured by its actions to rely on its promise to pay, express or implied. *Stanley v. Sterling Mut. Life Ins. Co.,* 12 Ga. App. 475 (77 SE 664); *Amer. Ins. Co. v. McVickers Bros.,* 135 Ga. 118 (68 SE 1026). Here the defendant sent plaintiff a proof of loss form on April 8, 1970, informing him that "the appraisal shall be demanded within 60 days after company has received proof of loss." The form was immediately completed and returned. The parties continued to discuss the question of value in an apparent attempt to settle the claim. Then for the first time, on June 6, 1970 (prior to the expiration of the 60-day period mentioned in its letter of April 8) it informed the plaintiff that it was relying on the limitation which had just run and refused further negotiations. The trial judge held that in view of this conduct he was submitting to the jury the question of whether the company had waived its right to insist strictly on the policy terms regarding time for filing suit. It is noted that the plaintiff first demanded an appraisal in writing

on March 20 when the 60-day period referred to would have been within the one-year period, but the insurer's delay in replying until April 8 (when it informed the plaintiff he had 60 days to make the demand after filing the proof of loss) cut the plaintiff's time to less than 60 days even if it had been filed instanter. The question of waiver was properly submitted to the jury.

3. Taking into consideration the wide range of value estimates as to the amount of this fire loss, the existence of a dispute as to the extent of Mikell's insurable interest, and the fact that the defendant did in fact make a bona fide settlement offer (although substantially less than that contended for by the plaintiff) it appears that there was no bad faith manifested by the refusal to pay. *Dependable Ins. Co. v. Gibbs*, 218 Ga. 305, 316 (127 SE2d 454); *Belch v. Gulf Life Ins. Co.*, 219 Ga. 823 (136 SE2d 351). It was therefore error to submit to the jury the question of bad faith, penalty, and attorney fees.

4. The remaining enumerations of error, not being argued, are treated as abandoned.

*Judgment affirmed on condition that the amount representing penalty and attorney fees be written off; otherwise, reversed. Clark, J., concurs. Eberhardt, P. J., concurs in the judgment only.*

SUBMITTED MAY 24, 1972—DECIDED JULY 10, 1972.

*Robert S. Lanier*, for appellant.

*Allen, Edenfield, Brown & Franklin, James B. Franklin*, for appellee.