## 54265. LEE v. SAFECO INSURANCE COMPANY.

QUILLIAN, Presiding Judge.

Burges H. Lee filed a complaint for breach of an insurance contract against Safeco Insurance Company, alleging defendant failed to pay the full amount of loss to certain property, occasioned by fire, and also sought an additional amount pursuant to Code Ann. § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712) for failure to pay the claim allegedly due under the insurance contract entered into by the parties. The defendant's answer denied the material allegations of the plaintiff's complaint, and also set out that the suit was barred because there was a 12-months limitation from date of loss for bringing an action contained in the insurance policy. The plaintiff filed an amendment to the complaint and the defendant amended its motion to dismiss by changing to a motion for summary judgment based on an affidavit of an insurance adjuster and certain exhibits. The plaintiff added a count to the complaint which alleged that repairs made by the defendant and its agent were completed in an unworkmanlike manner and sought damages in that regard. The plaintiff also filed affidavits in opposition to the motion for summary judgment.

The plaintiff's motion for summary judgment came on for a hearing after which the trial judge entered an order in favor of the defendant, granted defendant's motion, and dismissed the plaintiff's complaint. Appeal was taken from that order. *Held:*

The insurance contract entered into between Safeco and Lee contained the provision: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within twelve months next after inception of the loss." The policy also provided that the insurance company would pay for loss occasioned by fire or "It shall be optional with this

Company . . . to repair, rebuild or replace the property destroyed or damaged with other of like kind and quality within a reasonable time. . ."

On November 14, 1974 a fire occurred at Lee's home which was insured under the policy. The loss was reported and certain repairs were authorized by Safeco. According to the plaintiff's affidavit the defendant insurance company's adjuster engaged individuals to make the necessary repairs and clean damaged items as the result of the fire. On March 7, 1975, defendant's adjuster wrote Lee and informed him of Safeco's position as to what they would pay and that they were satisfied that repairs had been accomplished. Other communication between the parties was exchanged, the plaintiff contending that he was not satisfied with the quality of the work and the repairs accomplished and the defendant insurance company declining to take any further action. On July 29, 1975 defendant insurance company reiterated its stance and its intent not to change its position in the matter. The plaintiff then attempted to obtain the aid of the office of insurance commissioner and engaged in correspondence with that office up until December 1975, when he was informed by the office of insurance commissioner that no further action could be taken and that he would be forced to seek recourse from the courts. On April 8, 1976, the plaintiff filed the present action.

1. The plaintiff contends that defendant by its conduct had waived the 12-months limitation provision or is estopped to assert it. This 12-months limitation period provided for in the policy is enforceable even though it provides for less time than that contained in the statute. *Melson v. Phoenix Ins. Co.,* 97 Ga. 722, 723 (25 SE 189); *Walton v. Am. Mut. Fire Ins. Co. of Charleston, S. C.,* 109 Ga. App. 348 (2) (136 SE2d 168) and cits. However, such provision may be waived by the conduct of the insurance company in continuing negotiations or otherwise inducing the insured to believe that reliance on the policy provision will not be forthcoming. *Stanley v. Sterling Mut. Life Ins. Co.,* 12 Ga. App. 475 (77 SE 664); *Knights of the Ku Klux Klan v. Fidelity & Deposit Co.,* 47 Ga. App. 12 (169 SE 514); *Sentinel Fire Ins. Co. v. McRoberts,* 50 Ga. App. 732 (179 SE 256).

As held in *Ga. Farm Bureau Mut. Ins. Co. v. Mikell,* 126 Ga. App. 640, 642 (191 SE2d 557): ". . . a waiver may result where the company leads the insured by its actions to rely on its promise to pay, express or implied. . ." In this case the insurance company promised to pay certain amounts to the insured and insofar as these amounts constitute any part of the amount sought by the plaintiff they would not be barred by the one-year statute of limitation. See *Nee v. State Farm Fire &c. Co.,* 142 Ga. App. 744, 746 (236 SE2d 880). See also *New York Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922 (115 SE2d 474). The complaint, with regard to Counts 1 and 2, however, appear to be seeking amounts in excess of the payments offered by the company. There being nothing to establish a waiver or to estop the insurance company from asserting the 12-months limitation, the trial judge correctly dismissed the complaint as to the first two counts insofar as recovery of amounts in excess of the sums offered in settlement by the insurance company is sought.

2. The third count of the complaint seeks recovery for damages resulting from the failure of the defendant to properly repair and restore the home to its former condition. While this action may very well arise out of the contract it is not an action on the contract within the meaning of the language used in imposing a 12-months limitation on the time during which an action might be brought. An almost identical situation arose before the Court of Appeals of the District of Columbia. Winston v. Arlington Fire Insurance Co., 32 App. D. C. 61. While not in any way bound by that opinion, we find the reasoning contained therein to be persuasive. It was therein held: "The contract of insurance bound the defendant to pay the loss or damage occasioned by fire, not to exceed the stipulated amount. But it reserved an option to the defendant to repair and replace the building. By the exercise of this option and election, in which the plaintiff was bound to acquiesce, the original contract of the parties was converted into a new one on the part of the defendant to repair the building and restore it to its former condition. The contract to pay the loss was thus superseded by the contract to repair. Plaintiff no longer

had a right of action upon the former; his sole remedy was upon the new contract. [Cits.] Plaintiff's declaration set out the contract for insurance, with the stipulation therein for the option to contract to repair, and alleged the election so to do; but this was by way of inducement to the statement of the cause of action, which is the failure to perform the new undertaking created by that election. As the action, then, is not upon the contract of insurance, we think that the limitation clause of that contract cannot be made to apply to the action upon the undertaking to repair by which it was superseded."

This court gave recognition to a similar principle in *Zappa v. Allstate Ins. Co.,* 118 Ga. App. 235, 238 (2) (162 SE2d 911).

We therefore find that with regard to Count 3, the 12-months limitation provided in the policy did not apply as a matter of law. Hence, it was error to dismiss the entire complaint as summary judgment on the third count was not authorized. See *Smith v. Allen,* 115 Ga. App. 80 (153 SE2d 648); *Smith v. General Apt. Co.,* 133 Ga. App. 927, 930 (213 SE2d 74); *Cato v. English,* 228 Ga. 120 (1) (184 SE2d 161).

*Judgment reversed. Shulman and Banke, JJ., concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED JANUARY 12, 1978.

*Arthur P. Tranakos,* for appellant.
*Dennis, Corry, Webb, Carlock & Williams, Dennis J. Webb,* for appellee.