## 66277. BROWN v. NATIONWIDE INSURANCE COMPANY et al.

QUILLIAN, Presiding Judge.

"It is well settled that a contractual provision in a policy of insurance that 'no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss' is a valid contractual provision and is reasonable ... And in the absence of facts to show a waiver by or estoppel against the insurer, the provision is binding upon the insured, and the insurer is entitled to rely upon it." (Citations omitted.) *Aiken v. Northwestern Mut. Ins. Co.,* 106 Ga. App. 220 (126 SE2d 630), and cases therein cited. Accord, *General Ins. Co. of America v. Lee Chocolate Co.,* 97 Ga. App. 588 (103 SE2d 632); *Walton v. American Mut. Fire Ins. Co.,* 109 Ga. App. 348, 349 (2) (136 SE2d 168); *Lee v. Safeco Ins. Co.,* 144 Ga. App. 519, 520 (1) (241

SE2d 627).

Waiver as above described may be accomplished by conduct on the part of the insurer "which would reasonably lead the insured to believe that a strict compliance with the limitation provision would not be insisted upon." *General Ins. Co. of America v. Lee Chocolate Co.,* 97 Ga. App. 588, supra. The evidence in the case sub judice showed that after a theft loss the insurer required more information from the insured, that the insured was deposed by counsel for the insurance company and that after denial of the insured's claim, he filed a complaint with the Georgia Insurance Commissioner. The proof adduced failed to establish that the insurance company caused its insured to act to his detriment by not filing suit within 12 months of the loss as required by the terms of the policy. See OCGA § 33-24-40 (Code Ann. § 56-2428). That being true and since it was established that suit was brought more than 12 months after the loss and there being no evidence to sustain either waiver or estoppel on the insurer's part, the trial judge did not err in directing a verdict for the defendant insurance company.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 22, 1983.

*William S. Dominy,* for appellant.
*William A. Dinges, Malcolm S. Murray,* for appellees.