## 70412. DROHAN v. CARRIAGE CARPET MILLS et al.
### (334 SE2d 219)

BANKE, Chief Judge.

The appellant, Elsie Lucille Drohan, sued to recover for injuries she allegedly sustained in a collision involving a vehicle owned by appellee Carriage Carpet Mills and insured by appellee Wausau Insurance Company. The collision occurred on September 11, 1981. The appellant contends that as a result of certain representations allegedly made to her by an agent of Wausau to the effect that the company intended to settle her claim, she delayed filing suit until September 12, 1983, on which date she filed a complaint against Carriage Carpet Mills in the Superior Court of Gordon County. She dismissed that suit without prejudice on November 7, 1983, and on March 9, 1984, filed a new suit on the same claim in the Superior Court of Fulton County, naming both Carriage Carpet Mills and Wausau Insurance Company as defendants. On March 20, 1984, while the Fulton County suit was still pending, she filed an identical action in the Superior Court of DeKalb County. She later dismissed the Fulton County action without prejudice.

Carriage Carpet Mills moved to dismiss the DeKalb County action on April 30, 1984, on the ground that it was barred by the applicable statute of limitation; and on August 20, 1984, it moved for summary judgment, based on the prior pendency of the Fulton County action. A hearing was held on the summary judgment motion on October 1, 1984, at which both Carriage Carpet Mills and Wausau were present and represented by counsel. On October 24, 1984, Wausau filed its own motion for summary judgment based on its own statute of limitation defense. On December 10, 1984, the trial court entered an order dismissing the action with respect to both defendants based on the statute of limitation and, in addition, granted summary judgment to both parties based on the prior pendency of the Fulton County action, notwithstanding the fact that this defense was never pled by Wausau. This appeal followed. *Held*:

1. Although the motion for summary judgment filed by Carriage Carpet Mills was predicated solely on the pendency of the Fulton County action, the merits of its statute of limitation defense were properly before the court based on its previously filed motion to dismiss. The complaint discloses on its face that that two-year limitation period applicable to personal injury actions (see OCGA § 9-3-33) had expired by the time the original Gordon County action was filed, and any representations made to the appellant by Wausau to the effect that it intended to settle the claim would not, even if true, constitute such fraud as would toll the running of the statute. See *Clinton v. State Farm &c. Ins. Co.*, 110 Ga. App. 417 (1) (138 SE2d 687) (1964). It follows that the trial court was authorized to dismiss the complaint

as to Carriage Carpet Mills pursuant to OCGA § 9-11-12 (b) (6), for failure to state a claim upon which relief could be granted.

2. Even if the original action in Gordon County had not been barred by the statute of limitation, it is clear that the present action, being a second renewal action, was so barred. "If a plaintiff discontinues or dismisses his case and recommences the same within six months, the renewed case shall stand upon the same footing, as to limitation, with the original case. *However, this privilege of dismissal and renewal shall be exercised only once under this Code section.*" OCGA § 9-2-61 (a). (Emphasis supplied.) Accord *Buice v. Satellite Security Corp.*, 156 Ga. App. 348 (3) (274 SE2d 608) (1980).

3. Wausau did not seek a ruling on its statute of limitation defense by motion to dismiss but by motion for summary judgment. This motion was accompanied by affidavits denying that any misrepresentations with regard to Wausau's settlement intentions had in fact been made to the appellant. The appellant contends on appeal that the court erred in considering this motion without first holding a hearing on it, in accordance with OCGA § 9-11-56. However, any such error is harmless in view of the fact that Wausau's alleged liability was predicated solely on its status as indemnitor of Carriage Carpet Mills. Since the latter has been determined to have no liability to the appellant as a matter of law, it follows that Wausau can have no liability, either, regardless of what might have transpired at any hearing on its motion for its motion for summary judgment. This enumeration is consequently without merit. Accord *Harper v. Birmingham Trust Nat. Bank*, 171 Ga. App. 618 (320 SE2d 622) (1984).

4. We note that, having asserted the defense, Carriage Carpet Mills was also entitled to be dismissed from the proceedings based on the pendency of the Fulton County action at the time the present action was filed. " 'Under [OCGA § 9-2-5 (Code Ann. § 3-601)], if two suits are filed at different times each for the same cause and against the same party, the pendency of the first shall be a good defense to the latter. The effect of the defense cannot be avoided even by a dismissal of the first suit. (Cits.)' *Steele v. Steele*, 243 Ga. 522 (2), 523 (255 SE2d 43) (1979)." *Hilliard v. Edwards*, 169 Ga. App. 808, 809 (315 SE2d 39) (1984).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 3, 1985.

*James M. Rudder, Jr.*, for appellant.
*Glenn Frick, James T. McDonald, Jr., Mark J. Goodman*, for appellees.