## 76233. BOWERS v. SAFECO INSURANCE COMPANY OF AMERICA.

(369 SE2d 547)

BIRDSONG, Chief Judge.

Cline Bowers complains of a grant of summary judgment to his insurer, Safeco Insurance Company of América, awarded on the basis that Bowers, in violation of the policy limitation, filed suit against Safeco more than a year after his fire loss of May 3, 1985. Bowers contends Safeco's actions led him into believing his claim would be paid without litigation, and that Safeco, by its actions, waived the contract provisions requiring that suit on the contract be initiated within twelve months of a loss. *Held:*

1. Summary judgment to Safeco was proper in this case. The record shows that three months after the fire the insurer paid Bowers $85,000, the policy limits for damage to structure. As to an additional claim Bowers made for loss of contents, debris removal and damage to shrubbery, Safeco on November 7, 1985 sent Bowers a check for $10,749.43 on this claim, with a detailed letter stating that the claims were properly substantiated as to this amount, but not for the remainder of the claims. Safeco's three-page letter listed in detail the claims which it did not accept as substantiated under the policy terms. In fine detail, Safeco explained in the letter how to go about preparing the required inventory and how to substantiate the claims and verify ownership of the lost property. The letter pointed out that these were Bowers' " . . . Duties After Loss," under the express conditions of the policy, and even explained how to obtain proof of payments and costs through credit firms and bank microfilm records, if Bowers' records were destroyed in the fire. It stated: "It is not Safeco's intention to create an undue burden on you, only to establish some form of verification that you own these items and that their value is what you have claimed." The letter closed by saying: "We will continue to be available and willing to assist you in documenting the remaining portions of your claim. As soon as that information becomes available, we will issue a supplemental check to correspond with that amount which is owed. The attached payment is made with the express intention that your acceptance will not in any way prevent your right to contend that more is owed to you. If you have any questions regarding this matter, please feel free to contact me. I look forward to hearing from you."

Notwithstanding his receipt of this November 7, 1985 letter, Bowers had no further communication with Safeco and did nothing towards providing Safeco with the required documentation. On June 30, 1986, nearly two months after the limitation for suit on the policy had expired, Bowers' lawyer wrote Safeco and, still without providing the required documentation of any claims, demanded payment for the

claims, contending Bowers was competent to testify as to value. The attorney by affidavit stated it was his "impression that additional information regarding settling this case would be forthcoming from Safeco after [the letter of] November 7, 1985." However, the appellant Bowers has not pointed us to any evidence that would support or would have caused the attorney's "impression."

The November 7, 1985 letter from Safeco states unequivocally that Safeco, after having told Bowers how to do it, was waiting to receive documentation and verification of his claims in accordance with contract conditions, and would pay substantiated claims upon receipt of documentation. There was no hint or promise that Safeco would pay the claims without the proper documentation required by the insurance contract. Although Bowers argues Safeco led him to believe he would be paid without suit and that all Safeco's actions indicated an intention to pay further sums and that litigation would not be necessary, there is no such promise or representation in the November 7 letter or elsewhere in the record. What Safeco said it would do was pay substantiated claims if Bowers would send the required documentation.

As did the trial court, we conclude there is no issue of fact for a jury to decide; beyond any genuine issue of material fact, Safeco did not even impliedly suggest it would waive the policy limitations as to suit within a year; and there is nothing whatsoever shown in the record from which it can be inferred Safeco did anything to lull Bowers into thinking he would be paid without required substantiation of his claim or, more importantly that he would be paid if he failed to comply with the policy terms as to filing suit within a year. That is, there was no waiver of the policy provisions. See, as to what is required to infer such a waiver, *Johnson v. Ga. Farm &c. Ins. Co.*, 141 Ga. App. 859 (234 SE2d 693). To conclude that the policy limitations have been waived or estopped, there must be an affirmative promise or other act waiving the limitation; or an actual or constructive fraud leading the insured to believe the limitation time would be enlarged, or lulling him into the security of actually thinking the claim would in fact be paid without suit. Mere negotiation will not waive the limitation. See *Carpenters Local Union v. Gen. Ins. Co.*, 167 Ga. App. 299 (306 SE2d 383). Bowers was told only that the claims would be paid if he documented them and the clear policy limitation passed without his having done so. Summary judgment to Safeco was proper on this basis.

2. Safeco deserved summary judgment on another separate, but related, basis. The contract of insurance provides: "Suit Against Us. No action shall be brought *unless there has been compliance with the policy provisions* and the action is started within one year after the loss or damage." (Emphasis supplied.) It is clear and undisputed

that notwithstanding Safeco's November 7, 1985 letter requesting documentation of claims as required by the policy, Bowers failed to comply with these requirements, and in fact failed to do anything at all even to communicate with Safeco on the matter, until two months after the limitation had passed, when he had his attorney write Safeco and assert, in effect, that Bowers would not provide documentation in support of his claims but would himself "testify" as to their value, and that Safeco had acted in bad faith for some unspecified reason. Clearly there is no genuine issue of material fact upon which this lawsuit can be maintained.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED MAY 23, 1988.

*I. R. Lewis, Jr.,* for appellant.
*Burton L. Tillman, Jr.,* for appellee.