### 76775. BENNETT et al. v. MILLER.
(371 SE2d 903)

DEEN, Presiding Judge.

Appellants Bern L. Bennett and Royston Custom Vans, Inc., appeal from the grant of summary judgment to appellee Arnold R. Miller in a suit brought by Miller to recover on a promissory note. Based upon the evidence presented by deposition, affidavits and interrogatories, the trial court found the following facts.

Miller loaned Royston Custom Vans $40,000 in November of 1983, in exchange for a promissory note endorsed by Bennett as secretary-treasurer and also personally guaranteed by Bennett. Miller made a similar loan in the amount of $23,000 to Starcraft, Inc., in November of 1983, in exchange for a promissory note signed and personally guaranteed by Jerry N. Neal. On January 18, 1984, these two loans were consolidated and a new promissory note was issued to Miller for the sum of $63,000, signed by Bennett as president of Royston Custom Vans and Neal as secretary-treasurer of Starcraft, Inc. Bennett and Neal personally guaranteed this note in their individual capacities, assuming joint and several liability for the total debt.

Bennett and Neal also executed an agreement on behalf of Royston Custom Vans and Starcraft for the purpose of a joint venture in which Bennett's company would buy and furnish vans to Neal's shop for his service personnel to customize, after which Bennett would sell them. The original Bennett note was obtained from Miller on the inquiry and recommendation of Neal, and Neal also approached Miller to discuss the consolidation of the two loans and acted as intermediary between the parties throughout negotiations of the terms of the loan and note and thereafter. Some of the payments were delivered to Miller by Neal and the remainder were mailed to Miller.

The dispute in the case arose when Bennett made a $40,000 payment by check to Starcraft, which he contends was meant to be applied against his indebtedness on the consolidated note. This intent was evidenced by a notation on the check stating: "To pay off loan from A. R. Miller." Bennett believed that Neal was acting as agent for Miller and represented to him at the time he made this payment that his obligation on the note would be satisfied. However, Neal asserted that when Bennett brought him the check made out to Starcraft, he told Bennett that the money would be used for inventory financing in accordance with provisions of the joint venture agreement under which they shared various assets, inventory, and liability. Bennett did not receive any kind of receipt in return for the check, or

the cancelled instrument, to evidence his discharge from his or Royston Custom Vans' indebtedness under the note; nor did he inform Miller or obtain his permission to discharge the debt in this manner. None of the previous checks made in payment on the loans was made out to Starcraft, and there was no evidence that Miller ever received any benefit from Bennett's $40,000 payment or was even aware of its tender. Bennett admitted that under the terms of the consolidated note he and his company were liable for the total sum of $63,000. The joint venture agreement specifically stated that both parties were "separate entities and neither party is authorized to bind the other or act for the other in any way whatsoever."

Miller filed suit against Bennett, Royston Custom Vans, Neal and Starcraft, alleging that the full amount of the consolidated note had not been paid and seeking judgment in the amount of $63,000 plus interest, costs and attorney fees. Appellant answered, asserting as a defense the payment of $40,000 to Neal, counterclaimed against Miller for fraud and cross-claimed against Neal. Neal and Starcraft admitted liability to Miller, but denied any liability to appellants. Miller filed a motion for summary judgment against all defendants, which was opposed by appellants on the ground that a genuine issue of material fact existed as to Neal's apparent agency on behalf of Miller. Neither Neal nor Starcraft opposed the motion for summary judgment and neither has appealed. The only issue raised by appellants is whether there was any evidence upon which a trier of fact could find that Neal was the apparent agent of Miller to collect money due on the promissory note.

Appellants urge that an agency relationship was shown by Neal's actions as intermediary in negotiating the loans and forwarding payments to Miller, and that on at least one occasion Neal instructed appellants to make payments by delivering checks to him. They contend that this was "persuasive evidence" that Miller authorized Neal to collect money on his behalf, which, coupled with Neal's actual attorney-client relationship with Miller and Miller's reliance on Neal's financial advice, clearly raised an issue of fact as to Miller's ratification of Neal's acts of agency. However, as pointed out by the trial court, there was no evidence that Miller ever at any time consented to Neal's actions on his behalf or subject to his control, or that Neal had any power to create obligations on behalf of Miller. Rather, it appears that while Neal may have advised or made recommendations to both Bennett and Miller, he had no authority to bind either party to any terms or agreements. Nor was there any evidence of any conduct or statements made by Miller which could reasonably cause any third person, including Bennett, to believe that Miller had consented to any acts of Neal as his agent. Indeed, both Neal and Miller emphatically denied that such a relationship ever existed.

"An agency relationship may arise by implication as well as by express authority, and agency may be proved by circumstantial evidence. OCGA § 10-6-1 [and cits.]. Agency may result where one party has apparent authority to effect the legal relations of another party by transactions with a third party, but it must be emphasized that apparent authority to do an act is created as to a third person *when the statements or conduct of the alleged principal* reasonably cause the third person to believe that the principal consents to have the act done on his behalf by the purported agent. [Cits.] '(W)here the only evidence that a person is an agent of another party is the mere assumption that such agency existed, or an inference drawn from the actions of that person that he was an agent of another party, such evidence has no probative value and is insufficient to authorize a finding that such an agency exists. [Cits.]' [Cit.]" *Hinely v. Barrow,* 169 Ga. App. 529, 530-531 (313 SE2d 739) (1984). (Emphasis supplied in part and in original in part.)

" 'It has long been the Georgia rule that one who is a party to the [alleged] relationship (the principal or agent) may testify as a fact as to the existence or non-existence of the relationship and that such testimony would not be subject to the objection that the statement was a conclusion or the ultimate fact' [Cit.] The denial of the existence of any agency relationship may thus constitute an uncontradicted fact which will sustain a motion for summary judgment. Where the other party attempts to controvert this fact by circumstantial evidence 'it must be evidence sufficient to support a verdict.' [Cit.] 'The circumstantial evidence . . . must tend to establish the conclusion projected while rendering less probable all inconsistent conclusions.' [Cit.] Tested by the applicable principles we find no evidence sufficient to establish that relationship. Both [Miller and Neal] denied . . . that there was a principal-agent relationship. Having no direct evidence as to agency the burden was upon [appellants] to introduce circumstantial evidence sufficient to carry the case to a jury. It is axiomatic that neither an interest in the success of an enterprise, [cit.], nor a close relationship, [cit.], establish [*sic*] an agency relationship." (Indention omitted.) *Guernsey Petroleum Corp. v. Data Gen. Corp.,* 183 Ga. App. 790, 792-793 (2-a) (359 SE2d 920) (1987) (cert. den. 183 Ga. App. 906). While in the last-cited case two judges disagreed with Division 4 of the majority opinion, all judges concurred fully in the first three divisions, the segments of the case which are relied upon here and which contain all of the portions cited in the instant case. It follows that we find no basis for reversal.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JULY 8, 1988 —
REHEARING DENIED JULY 27, 1988 
 Franklin Superior Court. Before Judge Grant.
*Ken Stula*, for appellants.
*Robert K. Broome*, for appellee.