## A92A0316. BEASLEY et al. v. PARKS.

(420 SE2d 3)

BIRDSONG, Presiding Judge.

Appellants Betty Jo Beasley and James Beasley appeal the grant of summary judgment to appellee uninsured motorist (UM) carrier Windsor Insurance Company, as to a cause of action which arose December 24, 1988. Appellants filed suit against the personal injury defendant on December 17, 1990. Appellants sent the UM carrier a courtesy copy of the lawsuit but did not serve the lawsuit on the UM carrier pursuant to OCGA § 33-7-11 (d), until May 9, 1991, after expiration of the statute of limitation on December 24, 1990. Windsor Insurance Company filed a motion for summary judgment on those grounds.

Appellants contended, and gave evidence to show, that their counsel sent a courtesy copy of the lawsuit to an adjustor at Windsor's office and had several conversations and written communications with specific adjustors concerning settlement, during which Windsor transferred the file amongst adjustors and offers were proposed and rejected. *Held:*

Appellants contend the insurer's conducting settlement negotiations or indicating that settlement might occur, should operate to prevent summary judgment on grounds of failure to serve the lawsuit on the UM carrier before expiration of the statute of limitation.

Appellee relies upon *Drohan v. Carriage Carpet Mills,* 175 Ga. App. 717 (334 SE2d 219) as holding that the conduct of settlement negotiations by the insurer did not revive a suit filed after expiration of the statute of limitation. Appellants contend *Drohan* is inapposite, because here the suit was filed within statutory limitation. We are not impressed with this distinction, for it is based on the faulty deduction that if settlement negotiations by an insurer do not revive a suit filed after statutory limitation, then if a suit was filed within statutory limitation and the insurer engages in settlement negotiations, a plaintiff may ignore the statutory requirement to serve the UM carrier. This reasoning, consistent with appellants' entire position in this case, would gut the requirement of OCGA § 33-7-11 (d) to serve a copy of the lawsuit on the UM insurer and would provide distinct opportunity for fraud and unfair tactics.

*Drohan* applies to this case for the proposition that legal requirements which are condition precedent to a judgment of liability may not be excused or avoided by the ordinary conduct of settlement negotiations. The question here is whether such negotiations excuse a plaintiff from the statutory requirement to serve the UM carrier. We have held the statute of limitation might be avoided where an insured was in effect misled to believe a claim would be paid without litigation (*Georgia Farm &c. Ins. Co. v. Nolan,* 180 Ga. App. 28-29 (348

SE2d 554)), but such mitigation is similar to constructive fraud. Appellants do not contend Windsor Insurance Company committed fraud in this case, or misled them to believe a settlement had been reached. The mere conduct of settlement negotiations by the parties is not a good excuse for failure to file an answer to a suit "when there was no act upon which the movant could place confidence that the other party would not seek a judgment, or no act that prevented the movant from presenting its defense." *First Dixie Prop. v. Chrysler Corp.*, 202 Ga. App. 145, 146 (413 SE2d 464) (1991). That holding is analogous to this case.

We decline to hold that mere settlement negotiations may excuse a plaintiff from the statutory requirement of OCGA § 33-7-11 (d) to serve a suit by legal process on the insurer. Accordingly, the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED APRIL 9, 1992 —
RECONSIDERATION DENIED JUNE 8, 1992.

*Edward W. Clary*, for appellants.
Teresa J. Parks, *pro se*.