A92A0563. ALEXANDER v. SEARCY.
(419 SE2d 738)

SOGNIER, Chief Judge.

Danny Lee Searcy filed suit on December 15, 1989 in Tift County against James Alexander, seeking damages for injuries arising out of an automobile accident that occurred on December 18, 1987. Alexander did not file an answer but instead made a special appearance on November 12, 1990 and moved the trial court to dismiss Searcy's

complaint for insufficiency of service of process. Alexander submitted an affidavit with his motion in which he averred that he resides in Colquitt County and that he has been employed as the minister of a Colquitt County church since the date of the accident. The trial court denied Alexander's motion to dismiss and certified that its order was subject to immediate review pursuant to OCGA § 5-6-34 (b). We thereafter granted Alexander's application for interlocutory review. Id.

At the hearing on appellant's motion to dismiss, counsel for appellant pointed out to the trial court that the sheriff's entry of service reflected appellant's work address at his church in Moultrie (Colquitt County), that appellant had not been served as of the date of the hearing (held over two months after the motion to dismiss had been filed), and that appellee had known appellant's correct address of employment for 353 days without serving him. Counsel for appellee responded that "the facts stated [by appellant's counsel] are correct," and acknowledged that "[i]t would have been easy to file [the complaint] in Colquitt County and serve [appellant], I was receiving notice that he'd moved [from Tift County] but I didn't do it." The reason proffered by appellee's counsel was that he was "lulled" by ongoing negotiations with appellant's automobile insurance carrier into believing appellee's claim would be settled without going to trial. The record uncontrovertedly shows that no evidence of fraud was adduced by appellee in regard to the representations made by appellant's insurer. Instead, the specific examples given by appellee's counsel all involved requests by appellant's insurer that appellee provide it with certain additional medical documentation of his injuries; none of the conversations related by appellee's counsel to the court included express representations by appellant's insurer that appellant had waived service. Appellee's counsel stated that the last conference he had with appellant's insurer occurred after the complaint was filed but before appellant filed his motion to dismiss. The record reflects that appellee moved to transfer the case to the county of appellant's residence, Colquitt County, on December 17, 1990, the date of the hearing.

Appellant contends the trial court abused its discretion by finding that appellee "acted in a reasonable and diligent manner to [e]nsure process as quickly as possible, any delay in service of process by [appellee] upon [appellant] was excusable, and [appellant] was not prejudiced by any delay in service of process." "Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. A reasonable rule must be that in such case the trial judge should look

at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be. The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of [limitation] is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." (Punctuation and citations omitted.) *Brown v. Bailey,* 180 Ga. App. 555, 557 (1) (349 SE2d 792) (1986).

The evidence before the trial court demonstrated that appellee took no steps whatsoever to perfect service on appellant after the running of the statute of limitation even though appellee uncontrovertedly knew where appellant could be personally served. There is no question that appellant *personally* did not waive service, such as by filing an answer or making a general appearance. See generally *Bigley v. Lawrence,* 149 Ga. App. 249, 250 (253 SE2d 870) (1979). Thus, we must determine whether the trial court abused its discretion by concluding that appellee's failure to have process served on appellant was excused by appellee's reliance on the conduct of appellant's insurance company in representing to appellee's counsel or otherwise inducing his counsel into believing that appellee's claim would be settled without suit. We do not agree with the trial court that this constituted a reasonable excuse as a matter of law.

It is uncontroverted that appellant's automobile liability insurance carrier was not a party to the personal injury suit filed by appellee. Thus, the case sub judice is not analogous to the situations in cases such as *Brown v. Nationwide Ins. Co.,* 167 Ga. App. 84 (306 SE2d 62) (1983) and *Commercial Union Ins. Co. v. F. R. P. Co.,* 172 Ga. App. 244, 245-246 (1) (322 SE2d 915) (1984), in which we held that the conduct of an insurer in continuing to negotiate claims against it by its own insured could result in a waiver by the insurer of the insured's obligation to comply with contractual limitation periods in the insurance policy where the insured reasonably relied on that conduct.[1]

The law is well-established that a lawsuit such as the instant action cannot be maintained absent proper service of process on the defendant in one of the modes prescribed by law, unless service was waived. See *Trammel v. Nat. Bank of Ga.,* 159 Ga. App. 850, 852 (285 SE2d 590) (1981). The record clearly reflects that appellant was not

---

[1] Even in cases involving waiver of policy limitation provisions, we have held that mere negotiation, without an affirmative promise or other act waiving the limitation or actual or constructive fraud lulling the insured into believing the claim would be paid without suit, is not sufficient to constitute waiver or estoppel of the limitation. *Bowers v. Safeco Ins. Co. of Amer.,* 187 Ga. App. 229, 230 (1) (369 SE2d 547) (1988).

properly served and that he took no action either personally or through his attorney that could have led appellee into believing that he had waived proper service of process. See generally *Bigley,* supra at 250. The record also reflects that appellant's insurer made no representations to appellee that it had authority to waive service on appellant's behalf, but indicates instead only that appellant's insurer in uncontroverted good faith continued to negotiate a settlement of appellee's claim after the suit was filed. It is obvious that the representations made by appellant's insurer of the potential for settlement did not induce appellee or his counsel to forego *filing* his suit before the statute of limitation ran. We note that according to appellee's counsel, appellant's insurer did not know that appellant had not been served until appellee's counsel mentioned it during their last meeting in October 1990, nearly ten months after suit had been filed.

The record thus establishes that the failure to serve appellant properly was attributable to no one but appellee, who was given no reason by appellant or appellant's insurer to assume that the legal prerequisites to suit against appellant had been waived by appellant's insurer's good faith attempts to negotiate a settlement.

The trial court's exercise of its discretion in determining due diligence in the service of process will be overturned on appeal where it has been actually abused and cannot be supported as a matter of law. *Walker v. Hoover,* 191 Ga. App. 859, 860 (383 SE2d 208) (1989). Contrary to appellee's assumption, situations have arisen in which this court has found it necessary to reverse a trial court's ruling in service of process cases on the basis of abuse of discretion. E.g., *Starr v. Wimbush,* 201 Ga. App. 280 (410 SE2d 776) (1991); *Bennett v. Matt Gay Chevrolet,* 200 Ga. App. 348, 350 (1) (408 SE2d 111) (1991). In the case sub judice we find that neither the facts adduced nor the law of this state support the trial court's ruling, and accordingly we hold that the trial court abused its discretion by denying appellant's motion to dismiss.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 4, 1992.

*Simpson & Gray, Joseph I. Carter,* for appellant.
*Hege & Associates, David R. Hege, Sam J. Gardner, Jr.,* for appellee.