A92A1014. JOHNSON v. CITY WIDE CAB, INC.
(422 SE2d 912)

Sognier, Chief Judge.

Malissa Johnson brought suit against Denolius Farley and City Wide Cab, Inc. to recover damages for injuries she incurred when a taxi driven by Farley, whom Johnson alleged was employed by City Wide, collided with Johnson's car. After granting City Wide's motion to withdraw an admission of agency, the trial court granted summary judgment to City Wide. Johnson appeals from the judgment entered in favor of City Wide.

1. Appellant first contends the trial court erred by granting appellee's motion for withdrawal of its admission. Appellant served her request for admission on May 9, 1990, fourteen days after appellee filed its answer and nine days before appellee's attorneys of record moved to withdraw as counsel for appellee and Farley. Appellee then failed to answer the request within the requisite time period (see OCGA § 9-11-36 (a) (2)), thereby resulting in an admission that "at the time of the collision, Denolius Farley was acting as a servant of [appellee]." Appellee's counsel reentered the case two months later and filed a suggestion of Farley's death. In May 1991, counsel moved to withdraw the admission and also moved to dismiss the claim against Farley on the ground that no motion for substitution had been filed within 180 days as required by OCGA § 9-11-25 (a) (1). The court granted both motions and in August granted appellee's motion for summary judgment.

Pursuant to OCGA § 9-11-36 (b), as construed in *Cielock v. Munn*, 244 Ga. 810, 812-814 (262 SE2d 114) (1979) (Hill, J., concurring specially) and *Whitemarsh Contractors v. Wells*, 249 Ga. 194 (288 SE2d 198) (1982) (adopted *Cielock* special concurrence), a court may grant a motion to withdraw admissions "(1) when the presentation of the merits will be subserved thereby and (2) the party obtaining the admission fails to satisfy the court that the withdrawal will prejudice maintaining his action or defense on the merits. The burden as to the first prong is on the party moving to withdraw and the burden as to the second prong is on the respondent. . . . [As to the first prong, i]f the burden of proof on the subject matter of the request for admission is on the requestor, the movant is required to show the admitted request either can be refuted by admissible evi-

dence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay." *Intersouth Properties v. Contractor Exchange*, 199 Ga. App. 726, 727-728 (1) (405 SE2d 764) (1991).

In support of its motion to withdraw admissions, appellee submitted the affidavit of its manager, Wallace Maffett, who averred that appellee provides a dispatch service to taxi drivers who operate as independent contractors, that appellee has never employed a taxi driver, and that appellee did not employ Farley on the date in question. Maffett also averred that appellee's manager at the time the admissions were served had been ill with Parkinson's disease. This testimony satisfied the first prong because the denial of agency by a person in authority was credible and showed that the denial was not being offered solely for delay but instead was proffered to correct an erroneous admission. Compare *Intersouth,* supra at 728 (1).

Further, we hold that appellant failed to satisfy the second prong of the inquiry. Appellant's argument that she was prejudiced by losing the opportunity to establish agency through the admission is without merit, for being compelled to try the merits of a case does not constitute the type of prejudice needed to warrant denial of a motion to withdraw admissions. *Alexander v. H. S. I. Mgmt.*, 155 Ga. App. 116, 117 (270 SE2d 325) (1980). Similarly, we are not persuaded by appellant's contention that appellee lulled her into a false sense of security by not moving to withdraw the admission at issue until after the time for substitution of a party for Farley had expired. There is no evidence that appellee affirmatively represented to appellant that she did not need to move for substitution or otherwise actively precluded appellant from filing the necessary pleadings, see generally *Alexander v. Searcy*, 204 Ga. App. 454 (419 SE2d 738) (1992), and accordingly "[t]he record thus establishes that the failure to [file such pleadings] was attributable to no one but appell[ant]." Id. at 457.

For the foregoing reasons, we hold the trial court did not abuse its discretion by granting appellee's motion to withdraw admissions. See *Battle v. Strother*, 171 Ga. App. 418, 419-420 (3) (319 SE2d 887) (1984).

2. Appellant also contends that even if the admission properly was withdrawn, a fact question remains as to agency. The evidence in the record concerning the question of agency consists of Maffett's affidavit discussed in Division 1, appellant's affidavit submitted in opposition to the summary judgment motion, and appellant's deposition. In her affidavit, appellant averred that at the scene of the collision Farley told her he was employed by appellee and that a man who identified himself as Farley's supervisor then arrived and made the same statement. However, in her deposition, appellant testified only that at the scene Farley contacted someone she "guess[ed] was his

supervisor," and that she did not know what else Farley might have said at the scene because she was in pain from her injuries at the time.

It is well established that when either the principal or the agent denies the existence of any agency relationship, that denial may sustain a motion for summary judgment. *Bennett v. Miller*, 188 Ga. App. 72, 74 (371 SE2d 903) (1988). Pretermitting the question whether appellant's affidavit testimony concerning Farley's and the alleged supervisor's statement was inadmissible hearsay, that testimony nonetheless must be construed against her and the favorable portions excluded because it contradicts her deposition testimony and no reasonable explanation for the contradiction was offered. *Chapman v. Burks*, 183 Ga. App. 103, 106 (2) (357 SE2d 832) (1987). Appellant also proffered the circumstantial evidence that appellee's logo was painted on Farley's taxi, but that evidence cannot be used to controvert appellee's denial of agency and avoid summary judgment because it is not sufficient to support a verdict. See *Bennett*, supra. There being no competent evidence in the record sufficient to raise a question of fact as to agency, the trial court properly granted summary judgment to appellee. See generally id.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 17, 1992.

*Nicholas & Weeks, Joe A. Weeks, Stephen M. Ozcomert,* for appellant.

*Murray & Temple, John C. McCaffery,* for appellee.