## A95A2525. HOWE v. GROOVER.
(464 SE2d 240)

BLACKBURN, Judge.

Frances C. Howe appeals the trial court's grant of defendant Venus M. Groover's motion to dismiss Howe's complaint based upon the expiration of the applicable statute of limitation. Plaintiff contends the doctrines of estoppel and waiver preclude the defendant from relying on the expiration of the statute of limitation. The undisputed facts show that plaintiff's personal injury action arose out of an automobile collision which occurred on August 4, 1992, and that she did not file her complaint until September 15, 1994, 42 days beyond the expiration of the applicable statute of limitation. After hearing oral argument on the defendant's motion to dismiss, Judge Kenneth Kilpatrick entered a well-reasoned order which we now adopt as the

opinion of this Court.

OCGA § 9-3-33 clearly provides that an action for injuries to the person must be brought within two years after the right of action accrues. In this case, despite admitting that her complaint was filed more than two years after the action accrued, plaintiff contends defendant should be estopped to assert the statute of limitation as a defense due to actions of defendant's insurer, Allstate, before the statute had run, and that defendant has waived the statute of limitation due to actions of Allstate after the two-year period had expired. More specifically, plaintiff contends that Allstate led her to believe through settlement negotiations that her claim would be paid without a suit, and therefore, defendant should be barred from asserting the statute of limitation as a defense.

In support of her position, plaintiff cites *Stanley v. Sterling Mut. Life Ins. Co.*, 12 Ga. App. 475 (77 SE 664) (1913); *Knights of the Ku Klux Klan v. Fidelity &c. Co. of Maryland*, 47 Ga. App. 12 (169 SE 514) (1933); and *Nee v. State Farm Fire &c. Co.*, 142 Ga. App. 744 (236 SE2d 880) (1977), which are just a few among many in a line of cases which have consistently held that " 'where the insurer, by its acts in negotiating for a settlement, has led the policyholder to believe that he will be paid without suit, the insurer cannot take advantage of a provision in the policy which requires the action to be brought in a certain time.' " *Nee v. State Farm Fire &c. Co.*, supra at 746; see also *Suntrust Mtg. v. Ga. Farm &c. Ins. Co.*, 203 Ga. App. 40 (416 SE2d 322) (1992); *Lynn v. Ga. Farm &c. Ins. Co.*, 189 Ga. App. 209 (375 SE2d 259) (1988); *Ga. Farm &c. Ins. Co. v. Nolan*, 180 Ga. App. 28 (348 SE2d 554) (1986); *Commercial Union Ins. Co. v. F. R. P. Co.*, 172 Ga. App. 244 (322 SE2d 915) (1984); *Lee v. Safeco Ins. Co.*, 144 Ga. App. 519 (241 SE2d 627) (1978). Plaintiff believes these cases control the present case, and she argues that they stand for the proposition that when an insurer, during settlement negotiations, leads a party to believe that a claim will be paid by the insurer without a suit, the insurer is prohibited from asserting the statute of limitation as a defense, or at the very least a jury question on the issue exists.

The factual scenario which exists in each case cited above involves an insurer negotiating claims against it by its own insured and the issue of whether the insurer, through its actions in the negotiations, has waived the insured's obligation to comply with contractual limitation periods in the insurance policy. The facts presented in these cases differ significantly from those of the present case. First, in the case sub judice, plaintiff Howe's settlement negotiations were not with her own insurer regarding a claim directly against the insurer, but rather, plaintiff's negotiations were with defendant's insurer regarding her claim against defendant. Second, the cases cited by plaintiff all involve the issue of whether the insurer had waived a provision

in the insurance contract which required the action to be brought in a certain time, whereas, in this case, the issue raised by plaintiff is whether defendant is prohibited from asserting the statute of limitation as a defense.

Plaintiff has not cited and this Court's research has not uncovered a single appellate opinion in Georgia which extends the holdings in *Nee v. State Farm Fire &c. Co.*, supra, and the other cases in that line to a set of facts in which negotiations between an insurance company and a third party resulted in a waiver of the statute of limitation to the insurer's own insured. In fact, in *Alexander v. Searcy*, 204 Ga. App. 454 (419 SE2d 738) (1992), we indicated that the holdings in cases such as *Nee v. State Farm Fire &c. Co.*, supra, do not extend to factual situations in which the automobile liability insurance carrier is not a party to the personal injury suit. In *Alexander*, the plaintiff filed suit four days before the statute of limitation ran, but failed to serve the defendant. Id. at 455. At the hearing on defendant's motion to dismiss, plaintiff's counsel argued that any delay in service of process was excusable because he was lulled by ongoing negotiations with defendant's automobile insurance carrier into believing plaintiff's claim would be settled without going to trial. Id. at 455. The trial court agreed and denied the defendant's motion to dismiss. Id. at 456. This Court reversed and found that because the defendant's automobile liability insurance carrier was not a party to the action, the case was not analogous to and therefore not controlled by cases such as *Brown v. Nationwide Ins. Co.*, 167 Ga. App. 84 (306 SE2d 62) (1983) and *Commercial Union Ins. Co. v. F. R. P. Co.*, supra,[1] which held that the conduct of an insurer in continuing to negotiate claims against it by its own insured could result in a waiver by the insurer of the insured's obligation to comply with contractual limitation periods in the insurance policy where the insured reasonably relied on the conduct. *Alexander v. Searcy*, supra at 456. In light of *Alexander*, supra; *Nee v. State Farm Fire &c. Co.*, supra, and the other cases in that line are inapposite as to the case sub judice.

The present case is analogous to and controlled by *Drohan v. Carriage Carpet Mills*, 175 Ga. App. 717 (334 SE2d 219) (1985). In *Drohan*, the plaintiff brought an action to recover for injuries she sustained in a collision, but she failed to file suit within the two-year limitation period set out in OCGA § 9-3-33. Id. at 717. In response to the defendant's motion to dismiss, the plaintiff argued that she delayed filing suit as a result of certain representations made to her by an agent of the defendant's insurer to the effect that the insurer

---

[1] Both *Brown v. Nationwide Ins. Co.*, supra and *Commercial Union Ins. Co. v. F. R. P. Co.*, supra, are in accord with *Nee v. State Farm Fire &c. Co.*, supra.

intended to settle her claim. Id. Affirming the trial court's grant of the defendant's motion to dismiss, we held that any representations made to the plaintiff by defendant's insurer to the effect that the insurer intended to settle her claim would not, even if true, constitute such fraud as would toll the running of the statute of limitation. Id. See also *Beasley v. Parks*, 204 Ga. App. 482, 483 (420 SE2d 3) (1992) (holding that mere settlement negotiations do not excuse a plaintiff from the requirement of perfecting service of process). Similarly, in the present case, the settlement negotiations between plaintiff Howe or her counsel and defendant Groover's insurer did not excuse plaintiff from filing her suit within the two-year period required by OCGA § 9-3-33.

Finally, even if the present case was controlled by *Nee v. State Farm Fire &c. Co.*, supra, and the other cases in that line, which held that where the insurer, by its acts in negotiating for a settlement, has led the policyholder to believe that he will be paid without a suit, the insurer cannot take advantage of a provision in the policy which requires the action to be brought in a certain time, plaintiff's contentions would still fail. "To conclude that the policy limitations have been waived or estopped, there must be an affirmative promise or other act waiving the limitation; or an actual or constructive fraud leading the insured to believe the limitation time would be enlarged, or lulling him into the security of actually thinking the claim would in fact be paid without suit." *Bowers v. Safeco Ins. Co. of America*, 187 Ga. App. 229, 230 (369 SE2d 547) (1988). "Mere negotiation will not waive the limitation." Id. at 230. In this case, plaintiff has submitted affidavits of her attorney Daniel F. Patrick and investigator Miron Toth along with medical records and correspondence between defendant's insurer, Allstate, and plaintiff's counsel. However, there is nothing in the record which suggests defendant's insurer by affirmative promise or any other act waived the statute of limitation, nor is there any evidence that defendant's insurer did anything, other than merely negotiate, to lull plaintiff into believing she would be paid without having to file her suit within the statute of limitation. Furthermore, plaintiff's counsel candidly admits the date upon which the statute of limitation would expire was incorrectly entered into the firm's case management program as August 4, 1995, rather than August 4, 1994.[2] For these reasons, plaintiff's failure to file her complaint before the statute of limitation expired was not the fault of defendant's insurer, but rather it is attributable to no one but plaintiff, and therefore, plaintiff would not prevail under *Nee v. State Farm Fire &c. Co.*,

---

[2] It appears the mistake regarding the statute of limitation resulted from plaintiff looking to South Carolina's three-year limitation as opposed to Georgia's two-year limitation.

116

supra, even if applicable.

The trial court correctly dismissed plaintiff's complaint due to the expiration of the statute of limitation.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 17, 1995.

*Oliver, Duckworth, Sparger & Winkle, G. Robert Oliver,* for appellant.

*Clifton Lee & Associates, Betty L. Bush, John A. Allen,* for appellee.